ROBERT C. PECKHAM & OTHERS *vs*. THE TOWN OF LEBANON.

Where a proposed highway runs from a town in one county to an adjoining town in another county, the Superior Court in each county has power to lay out the portion of the road within such county.

It is no objection to the laying out of the road within one town, that the section in the other town, being under a separate jurisdiction, may not be laid out by the court, as the final decree can be postponed until after action has been had in the other jurisdiction, or can be made in such form as to provide for such a contingency.

In determining whether one section will be a road of common convenience and necessity, the committee should act with great caution, in view of the fact that the other section is necessary to its usefulness and may not be laid out, but this is only a fact to be considered like other facts, in determining on the convenience and necessity of the road prayed for.

A road which is not a thoroughfare may yet be a public way and may be laid out as such.

PETITION for the laying out of a highway, brought to the Superior Court in New London County.

The material parts of the petition were as follows ;—The petition of the subscribers, inhabitants of the town of Lebanon, in the County of New London, and of the town of Windham, in the County of Windham, respectfully represents : that there are two public highways or roads, one called the Babcock Hill road and the other the Kick Hill road, in said town of Lebanon, leading from a point near the dwelling house lately occupied by Henry Williams, deceased, in a northeasterly direction, to and into said town of Windham, which are the highways now traveled by persons having occasion to pass between said point and the village of South Windham, in said town of Windham ; and both of said highways are hilly and circuitous, and do not accommodate in a reasonable manner the public travel ; that a new road or highway may be laid out over a comparatively level route, and in a very direct line, from a point on said Babcock Hill road, about five rods east of said dwelling house, to the boundary line between the said towns of Lebanon and Windham, in the direction of said village of South Windham, through lands of &c., [describing the lands through which the road would pass,] all within the limits of

said town of Lebanon, and thereby save a considerable distance in the line of travel for all having occasion to pass between the said dwelling house and the village of South Windham, and avoid the hills over which the public are now compelled to pass. And your petitioners aver that the said new highway over the route and lands named is necessary and will be of common convenience and necessity, and the whole of the same is within said town of Lebanon. And they also aver that the selectmen of the said town have been often requested, and on or about the 20th day of November, 1869, were particularly requested, to lay out said new highway, but have at all times hitherto neglected and refused, and still neglect and refuse, to lay out the same. Your petitioners therefore pray that the said new highway may be laid out, &c.

The respondents demurred to the petition, as insufficient in law to confer any jurisdiction upon the court in the premises, but the court (*Park, J.*) held it sufficient, and referred the case to a committee under the statute. The committee, having heard the parties and their evidence, reported that they found the road to be of common convenience and necessity and that they had laid out the same. The respondents filed a remonstrance against the acceptance of the report, stating the following grounds of remonstrance.

1. On the hearing before the committee it appeared in evidence that the road prayed for, and which has been laid out by said committee, terminated at the boundary line between the towns of Lebanon and Windham, and did not intersect or connect with any highway, or form a part of any highway, but terminated in a pasture and woods, far removed from any highway or access to any highway or travel. The respondents claimed that upon these facts the committee could not find that said highway will be of common convenience and necessity, but they overruled said claim.

2. The petitioners claimed on the trial that said proposed highway will be of common convenience and necessity, to accommodate the public travel between the town of Lebanon and the village of South Windham, in the town of Windham, and as forming a part of a highway for such travel, and not

otherwise; and on the trial of said case it appeared that no highway had been laid out or built in said town of Windham of which this proposed highway was to form a part, but that said proposed highway terminated at the boundary line between the two towns of Lebanon and Windham, and did not intersect or connect with any highway whatever in said town of Windham. The respondents claimed, and requested the committee to rule, that said proposed highway would not be of common convenience and necessity upon said undisputed facts, but the committee overruled said claim. The committee found that said proposed highway did not connect with any other highway leading towards the village of South Windham, and that it would be of common convenience and necessity as a means of accommodating the public travel between Lebanon and the village of South Windham; and yet, upon these facts found and held that said highway as prayed for would be of common convenience and necessity.

The Superior Court (*Loomis, J.*) found the allegations of the remonstrance to be true, but insufficient, and passed a decree establishing the road as laid out by the committee.

The respondents brought the record before this court by motion in error, assigning as error the holding of the petition sufficient and the remonstrance as insufficient.

*Wait* and *Halsey,* with whom was *Swan,* for the plaintiffs in error.

*Hovey,* for the defendants in error.

CARPENTER, J. The record in this case presents two questions for our consideration;—1. Is the petition sufficient? 2. Is the remonstrance sufficient? The superior court held the former sufficient, and the latter insufficient. We think the court was right on both points. ·

1. The petition. It alleges that a highway is necessary from place to place in the town of Lebanon, and that the selectmen of that town have neglected and refused to lay out the same. It further alleges expressly that the whole of the highway prayed for is within the town of Lebanon. That is

all that is required to bring the case within the 29th section of the statute relating to highways and bridges. It also inferentially appears that the highway prayed for is designed ultimately to form a part of a contemplated highway extending into the town of Windham; but that will hardly suffice to oust the court of its jurisdiction. If the two towns were in the same county, the petition would unquestionably have been brought upon another clause of the same section of the statute, and would have asked for the whole of the contemplated highway. But the proposed highway being in two counties, and the Superior Court in one having no jurisdiction of that portion of it within the other, the petitioners are without remedy, until the legislature supplies one, unless this petition can be sustained. We are unwilling, unless constrained to do so, to construe the statute so as to exclude from the jurisdiction of the Superior Court a class of cases which may so frequently arise, when it is obvious that the legislature intended that that court, upon the conditions named, should have jurisdiction of all cases pertaining to the laying out of town ways. The language of the statute, without giving it any strained interpretation, is certainly broad enough to include this case; and we fail to discover that any serious practical inconvenience can arise from holding that the Superior Court for each county may entertain jurisdiction of that portion of the highway lying within the limits of the county. It is true there is a possibility that the proposed way may be adjudged necessary in one county, and unnecessary in the other; but such a result is improbable, and in cases where it is likely to happen it may be easily avoided, by the form of the decree, or by a postponement of a final decree until action is had in the other county.

2. The remonstrance. That alleges, in substance, that the highway prayed for, and as laid out by the committee, terminates at the town line, and does not intersect or connect with any highway, or form a part of any highway; that the public travel to be accommodated thereby was the travel between the town of Lebanon and the village of South Windham; and that no highway, of which this was to form a part, has been laid out or built between the town line and South Windham.

Upon these facts the respondents requested the committee to rule that the highway would not be of common convenience and necessity; but the committee ruled otherwise. The Superior Court found the remonstrance true, and held it insufficient.

Ordinarily the common convenience and necessity of a proposed highway is a question of fact for the committee, and cannot be reviewed by the Superior Court. We do not think this case forms an exception to the rule. Nevertheless one or two questions have been discussed in this part of the case, which may be considered as questions of law, and which we will dispose of as such.

It is objected that the way prayed for and laid out is not a thoroughfare, and therefore cannot be, in point of law, a highway. Some of the older English cases undoubtedly countenance the idea that a road which is not a thoroughfare cannot be a public way. But the modern cases are otherwise. *Rugby Charity* v. *Merryweather*, 11 East, 375; *Bateman* v. *Bluck*, 14 Eng. L. & Eq., 69. The latter case was decided by the court of Queen's Bench in 1852, since which time I am unable to find any English case bearing upon the question. A case decided by the Court of Appeals in New York is to the same effect. *The People* v. *Kingman*, 24 N. York, 559. In this case the court, although not bound by the English decisions, adopts the modern rule there established, as being the more convenient and reasonable rule, and gives some strong reasons for so doing. The authorities, therefore, would seem to establish the proposition that a highway may exist over a place which is not a thoroughfare. Cases will readily occur to the mind in which it is possible that common convenience and necessity may demand the construction of a highway as a mere *cul de sac*; as a highway to navigable waters where there is no public landing; a highway extending into wild and uncultivated lands; to mills, manufacturing and mechanical establishments, and the like. But it is manifest that this highway was not asked for or laid out on any such grounds. We think it is apparent from the record that it was asked for and laid out as a part of a thoroughfare, to accommodate

through travel; a highway which is to form a part of a road from one county to another.

That then is the real question; can the Superior Court entertain jurisdiction to lay out that portion of such a way within the county, the other portions not being built or laid out? Or, to state the question in language better adapted to the circumstances under which we are now considering it, does the fact that the highway prayed for is only wanted as a part of a highway leading into another county, (the other part not being built or laid out,) furnish a conclusive presumption, in point of law, that the public travel does not require it?

The question as a jurisdictional one we have already considered under the first head. In its bearing upon the duty of the committee in passing upon the question of the common convenience and necessity of the proposed way, it merits further consideration. The proposition which the counsel for the respondents are endeavoring to maintain, and to apply to the action of the committee as a rule of law, is, in substance, this: that the imaginary county line, passing between two points, in some way affects the question, so that a highway between those points cannot possibly be required. No matter, therefore, how great the travel may be, nor to how much inconvenience it may be subjected, the county line presents an insurmountable obstacle, and prevents the committee from finding that the public travel requires the road. That there may be some inconvenience attending the practical operation of the law as it now stands is quite true; but that inconvenience is not of such a character as to require us to give it the force and effect of a rule of law, decisive of the question of common convenience and necessity.

The fact that more is required than is asked for, and that without it the part asked for cannot be required, should lead the committee to proceed with great caution. The further fact that they could only lay out the road in one town, and that their decision would not be conclusive upon the authorities of the other town, or upon the Superior Court in that county, and that therefore there was some uncertainty whether the remaining portion of the road would ever be built, was a fact which

Peckham *v.* Town of Lebanon.

they were bound to consider in coming to a result. It was a circumstance, and perhaps a strong circumstance, tending to show that the portion of the road they were asked to lay out was not required. It was entitled to more or less weight as the probability was greater or less that the remaining portion would not be built. We have no doubt that the whole matter was well considered by the able committee who tried the case. They found, as a fact, that the travel from Lebanon to South Windham required the building of the road in both towns; but refused to decide that the law was so that they had no power to lay it out in either. In this we think they were correct. If they had been satisfied that the Windham portion of the road would not be built, they would undoubtedly have refused to lay out that asked for in the petition. But being satisfied in view of all the circumstances, that the public travel demanded the whole road, and that there was a reasonable certainty that the whole would be built, it was their duty to lay out the portion within their jurisdiction.

The statute, substantially as it now exists, has been in force in this state for more than a century. Our attention has been called to three cases found in the records of the County Court in this county, and it may be presumed that many more exist throughout the state, in which the courts have entertained jurisdiction of petitions similar to the one now under consideration. But we are not advised that any practical inconvenience, such as is apprehended by the respondents, has ever been experienced.

We are satisfied on the whole that the question here presented is substantially a question of fact, and as such may be safely left with the committee.

We find no error in the judgment of the Superior Court, and it is affirmed.

In this opinion the other Judges concurred; except PARK, J., who having heard the case upon the demurrer in the court below, did not sit.