WILLIAM DONOHUE AND ANOTHER vs. WILLIAM H. MALONEY AND ANOTHER.

The 4th and 12th sections of the statute with regard to intoxicating liquors (Gen. Statutes, tit. 16, ch. 14, part 2,) which provide that liquors intended to be sold in violation of law shall be a nuisance and that no action shall be maintained for the possession of them, are not limited in

their application to the case of liquors seized as a nuisance by legal proceedings, but apply to all liquors intended to be sold contrary to law and to all suits for the recovery of possession of them.

Held therefore that, where *C* was in possession of a stock of liquors in a saloon kept by him, but which were in fact owned by *D*, for whom *C* was acting as agent in selling them contrary to law, and the liquors were levied upon as the property of *C* by one of his creditors, *D* could not maintain an action of replevin against the levying creditor to recover possession of them.

REPLEVIN for a quantity of liquors; brought to the Court of Common Pleas of Hartford County, and tried to the court before *Calhoun, J.* Facts found and judgment for a return of the liquors to the defendants. Motion in error by the plaintiffs. The case is sufficiently stated in the opinion.

*W. F. Henney* and *D. J. Griffin*, for the plaintiffs.

*E. Johnson* and *S. O. Prentice*, for the defendants.

PARDEE, J. On July 15th, 1880, John Cronin was keeping a retail liquor saloon in Hartford apparently on his own account, but in fact as the agent of the plaintiffs, who then and there held intoxicating liquors contrary to law for the purpose of selling the same in violation of law. On that day the defendants, having an execution against Cronin, caused it to be levied on the liquors; three days later these were returned to them on their complaint in replevin; that complaint came to the Court of Common Pleas; that court held that the liquors were a nuisance, and that the plaintiffs could not maintain their action for possession, and ordered their return. The plaintiffs filed a motion in error, assigning for error that section twelve, page 272, of the Revision of 1875, applies only to liquor seized as a nuisance by legal proceedings.

For the preservation of public health, peace and welfare the legislature has power not only to place limitation upon individuals as to the manner in which they may use or enjoy their property, but also to declare that a certain kind of

property held with a named intent shall be a nuisance and that no action shall be maintained for requiring lost possession. In the exercise of this power the legislature has enacted section four, page 270, of the Revision of 1875, that "all intoxicating liquor, intended by the owner or keeper thereof to be sold in violation of law, shall, with the vessels in which it is contained, be a nuisance." And in section twelve, page 272, it is provided, "nor shall any action be maintained for the possession of any intoxicating liquor, held by the owner or possessor thereof contrary to law."

It is the claim of the plaintiffs that the statute refers only to liquor which has been seized as a nuisance by the prescribed statutory process, and is only for the protection of officers in the possession of it under such seizure. But the plain intent of it is to remove all temptation to the illegal keeping and selling of intoxicating liquors, and to accomplish this by making these acts unprofitable. To that end it is framed of language which is all inclusive—which does not admit of the limitation claimed. Therefore, if by his illegal act and intent the owner of intoxicating liquors makes them a nuisance, and while in that condition they are lost to his possession by the peaceful act of an officer of the law under the forms of law, it will leave them in his possession so far forth as this writ of replevin is concerned; and this, not because the defendants have any rights in the matter which it is bound thus to protect, but for the reason that in listening to the complaint of the plaintiffs the court has come to a knowledge of the fact that they are asking its aid in regaining possession of that which by their act had become a nuisance; which they held and intended to use in violation of law; and which the law does not recognize as property. And upon this knowledge the statute compels the court to close its ear to any further suggestion from them; they are not to have its assistance in violating the law, and by the statute this result ensues regardless of the fact that this complaint is against defendants who gained a peaceful possession of the liquors under forms of law, and not against an officer who had seized them for condemna-

tion as a nuisance. The illegal acts and intents of the plaintiffs are proven in a cause instituted by themselves; and they have had their day in court upon that question. This satisfies the law.

It is claimed too that the statute conflicts with the fifth amendment to the constitution of the United States, which provides that "no person shall be * * deprived of * * property without due process of law;" with the fourteenth amendment, which provides that "no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any person of * * property without due process of law;" also with section 12, article 1st, of the constitution of this state, which provides that "all courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law."

But neither in fact nor intent does either one of these provisions affect or refer to the power of this sovereignty to protect by such laws as it shall deem proper, unless they are in flagrant violation of the principles of civil liberty underlying the social compact, the peace, health, morals and general welfare of the citizens. This power goes to the destruction even of property; certainly then to declare forfeited the right to regain possession of it by aid of a court, for the purpose of destroying or injuring the health or morals of these citizens. And he who has been heard by the duly established court having jurisdiction upon a question of fact has had the benefit of "due process of law."

While courts are not unanimous in according to legislatures the power of placing intoxicating liquors thus held in violation of law beyond its protection, in *Oviatt* v. *Pond*, 29 Conn., 479, a similar statute is sustained. That decision has support in *Lord* v. *Chadbourne*, 42 Maine, 429, *Hamilton* v. *Goding*, 55 Maine, 419, *Preston* v. *Drew*, 33 Maine, 558, and *Spaulding* v. *Preston*, 21 Verm., 9.

There is no error in the judgment complained of.

In this opinion PARK, C. J. and LOOMIS, J., concurred; CARPENTER and GRANGER, Js., dissented.