Schlesinger v. Chapman.

<hr>

### CHARLES SCHLESINGER AND ANOTHER vs. THOMAS B. CHAPMAN AND OTHERS.

An appeal under the act of 1882, (Acts 1882, ch. 50,) from a final judgment, on the ground of error in the record, simply performs the office of the old motion in error or writ of error.

Where therefore on such an appeal the record omits to present facts essential to the case of the appellant, this court can simply affirm the judg-

ment, and cannot remand the case to the lower court for amendment or a further hearing and finding.

The question whether intoxicating liquors were kept with intent to sell in violation of law, and therefore a nuisance under the act of 1882 (Acts 1882, ch. 107, part 5, sec. 1,) is wholly one of fact, and can not be reviewed by this court.

Where, in a suit for liquors taken and carried away, this intent, which if found would have defeated the plaintiff's right of action (Acts of 1882, ch. 107, part 9, sec. 1,) is not found by the court below, it cannot be inferred by this court.

[Argued October 8th, 1884—decided February 9th, 1885.]

REPLEVIN for liquors taken and carried away; brought to the City Court of the city of Hartford and tried before *Bennett, J.* Facts found and judgment for the plaintiffs, and appeal by the defendants. The case is sufficiently stated in the opinion.

*W. F. Henney,* for the appellants.

*H. E. Taintor,* for the appellees.

LOOMIS, J. This is a complaint in replevin to recover possession of certain spirituous and intoxicating liquors which had been attached as the property of one Moore by Chapman (one of the defendants) as deputy sheriff, and which at the commencement of this suit were held by him in that capacity under a writ of attachment in favor of A. & H. Myers (also defendants) and against Moore.

The answer of the defendants in this suit, by way of first defense, set forth the facts concerning the attachment as above, and alleged that the liquors when so attached belonged to Moore and not to the plaintiffs.

The second defense consisted entirely of new matter constituting a statutory bar to the action, namely, that the liquors sought to be replevied were intended by the owner or keeper to be sold contrary to law and were a nuisance.

The first defense was entirely disposed of by the finding of the court that the plaintiffs were the owners of the liquors in question and had a right to the immediate posses-

sion. The question for review therefore arises solely under the second defense, and this is presented by the reasons of appeal as follows :—

1st. On the facts found by the court, as of record, the court should have held, as matter of law, that the liquors in question were a nuisance under section 1, part 5, of the act of 1882, with regard to spirituous and intoxicating liquors. 2d. The court should have held, as matter of law, that no action could be maintained to recover possession of said liquors, as provided in section 1, part 9, of said act, as " held by the owner or possessor thereof contrary to law."

Although in form two errors are assigned, yet in reality they are one and the same; both depend on a single question, namely,—were the liquors kept with intent to sell the same contrary to law?

If they were so kept, they were a nuisance, and under the statute referred to, as construed by this court in *Donahue* v. *Maloney*, 49 Conn., 163, the plaintiffs are denied any right of action for their recovery. But the question whether the liquors were kept by any person with intent to sell is purely one of fact, to be found as such by the court below, and therefore it is not subject to review by this court.

And herein we find an insurmountable difficulty in the way of reversing the plaintiffs' judgment. The controlling fact essential to defeat their right to recover the liquors is not found, and as to the plaintiffs it does not appear whether they had a license to sell or not, and therefore the second defense must prove as unavailing to the defendants as the first.

Having thus disposed of the case upon the facts, there is no occasion to discuss or decide any of the interesting questions of law presented by the arguments of counsel.

The view we have taken of the case however renders it proper to advert to a request made by the counsel for the defendants, that if this court should be of opinion that the record omits facts essential to a forfeiture of the plaintiffs' right of action under the statute, the case should be re-

274 HARTFORD DISTRICT.

N. York & N. Eng. R. R. Co. v. N. York, N. Haven & Hartford R. R. Co.

manded to the court below for further hearing and finding. If the case had been reserved for the advice of this court the record might have been sent back as suggested, or, what is the more common course, the advice given by this court might have been made contingent upon an amendment and some further finding of fact. But this case comes here by appeal from a final judgment in favor of the plaintiffs. The appeal here simply performs the office of the old motion in error or writ of error, and the judgment rendered in the court below must stand unless the record, as it is, discloses some manifest error sufficient to set it aside.

There was no error in the judgment complained of.

In this opinion the other judges concurred; Judge HOVEY of the Superior Court sitting in the case.