HENRY BREWSTER AND OTHERS *vs.* SARAH S. COWEN.

Hartford Dist., March T., 1886. PARK, C. J., PARDEE, LOOMIS and GRANGER, Js.

Where a first writ of error abates through an act of the plaintiff in error or is withdrawn by him without good cause, a second writ of error brought in the same court is not a supersedeas of execution.

Where a writ of error is brought for the purpose of delay it does not supersede the execution.

An appeal to this court under the act of 1882 ,(Acts of 1882, ch. 50,) which provides for the carrying up of cases by appeal instead of by motion for a new trial or motion in error, performs in all respects the office of a writ of error.

Where an appeal to this court had been taken from the judgment of the Superior Court, and the appeal was afterwards withdrawn, and a writ of error brought in which the same errors were assigned as on the appeal, with the exception of the single assignment "that the court erred in holding that the body of the defendant in the original cause was liable to imprisonment upon execution," it was held that the error thus assigned lay wholly outside of that part of the record that could be brought up for revision upon a writ of error, and therefore that it did not constitute such a difference between the appeal and the writ of error as to constitute a reason for the withdrawal of the appeal and the substitution of the writ of error.

Where an execution is served and returned too early it will not exonerate the bail unless he has been actually prejudiced by it.

[Argued March 9th, 1886—decided February 25th, 1887.]

ACTION upon a recognizance of the defendant as special bail; brought to the Superior Court in Hartford County and upon facts found reserved for the advice of this court. The facts are sufficiently stated in the opinion.

*F. Chamberlin* and *E. S. White,* for the plaintiffs.

1. The writ of error cannot operate as a supersedeas because it was brought for the purpose of delay. This is a question of fact, as to which the finding is explicit that such was the purpose. It is well settled that in such a case the writ of error is not a supersedeas. *Dutton* v. *Tracy,* 4 Conn., 372, and cases cited in the opinion. It is also held

that a new writ of error substituted for one voluntarily withdrawn is not a supersedeas. 1 Swift Dig., 794; *Dutton* v. *Tracy, supra.* By comparing the assignments of error in the appeal, and the writ of error, it will be found that they are identically the same, with the exception of the 5th assignment in the writ of error, which is based on the decision of the court as to the right to levy the execution upon the body of the defendant, which is a matter foreign to the record; and it is well settled that on such matters no writ of error will lie. *Bishop* v. *Vose,* 27 Conn., 7; *Nichols* v. *Bridgeport,* id., 465; *Elphick* v. *Hoffman,* 49 id., 331. An appeal under our statute, (Acts of 1882, ch. 50,) performs the office of a writ of error. *Schlesinger* v. *Chapman,* 52 Conn., 271.

*C. E. Perkins* and *W. W. Perry,* for the defendant.

The rule of the common law upon which the claim that the writ of error was not a supersedeas is based, refers only to writs of error taken out for the purpose of delay only. This will not be inferred where there is any good reason for the second writ. The finding here does not show any improper purpose of delay, but simply a legitimate intent, fully carried out in act, to ascertain, before surrender, whether or not the judgment was erroneous in any respect. It may be claimed that the appeal first taken was, in effect, a writ of error, which abated by fault of the appellant, and that, therefore, the writ of error taken out and served March 29th, 1884, was not a supersedeas. But the writ of error raised a new question,—the question as to the liability of Pratt's body. Under our present practice that question was, after judgment and before execution, an undetermined question. The purpose of the writ of error was to settle that, in connection with the other questions in the case. It should also be said that the evident intent of the statute providing for the removal of the stay of execution during the pendency of a writ of error, was to prevent controversy and accurately define the position of all parties in due season. Since the passage of that statute this court has rec-

ognized only one exception to the rule that every writ of error operates as a supersedeas; the exception being the case of a writ simply raising questions already distinctly decided by this court. *Tyler* v. *Hamersley*, 44 Conn., 414; *Catlin* v. *Baldwin*, 47 id., 173.

GRANGER, J. This is an action brought by the plaintiffs upon a recognizance of the defendant as special bail in a suit brought by the plaintiffs against one Henry C. Pratt in the Superior Court in Hartford County. The plaintiffs recovered judgment in that suit in May, 1883. Pratt appealed from that judgment to the Supreme Court of Errors at its October term in 1883. The appeal was entered in that court at that term, but the appellant had not procured the record printed, and the case was continued to the January term, 1884, when the appellant withdrew his appeal on the 8th day of the month. On the 31st of January the plaintiffs took out execution on the judgment against Pratt and placed it in the hands of Chapman, a deputy sheriff of Hartford County, to serve and return. The officer made search for property and for the body of Pratt but could find neither within his precincts, and on March 29th, 1884, returned the execution, with an indorsement of *non est inventus*, to the clerk of the court, the return being made about four o'clock of the afternoon of that day. Earlier on the same day Pratt took out a writ of error from the judgment and caused it to be served upon the attorneys of the plaintiffs the same day at about three o'clock in the afternoon. At the time of the return of the execution by the officer he had no knowledge of the service of the writ of error and acted in entire good faith in the matter.

The single defense set up against the present suit upon the recognizance is, that the writ of error taken out by Pratt was a supersedeas of the execution; and the only question in the case is whether it was so.

On this point it is found that the assignment of errors made by Pratt in his writ of error is the same with the reasons of appeal assigned by him in the preceding appeal in

the same case, with the single exception of the following assignment of error, namely, " that the court erred in holding that the body of the defendant in the original cause was liable to imprisonment upon execution and in ordering the issue of execution against his body."

This assignment of error it is very clear is not a pertinent one, inasmuch as the question whether the defendant was liable to imprisonment upon the execution was one lying wholly outside of that part of the record that could be brought up for revision upon a writ of error. It is not an error, if it be one, that entered into the judgment or upon which the judgment could be reversed. It is therefore to be laid wholly out of the case.

Under our present law an appeal performs the office of a writ of error, there being no matter of error that could be assigned upon a writ of error that cannot be assigned and considered on an appeal. This was clearly intended by the act of 1882, (Acts of 1882, ch. 50,) which provided for the carrying up of cases by appeal instead of by motion for a new trial or motion in error, and we so held in the recent case of *Schlesinger* v. *Chapman*, 52 Conn., 271. Pratt has therefore once been before this court by proceedings in error with the same questions that he brings up again by his later writ of error.

It has been repeatedly held that where a first writ of error abates through an act of the plaintiff in error or is in any way put an end to by his act, a second writ of error brought in the same court is not a supersedeas of execution. *Dutton* v. *Tracy*, 4 Conn., 372; *Birch* v. *Triste*, 8 East, 412; *Entwistle* v. *Shepherd*, 2 T. R., 78; 1 Swift Dig., 794; 2 Tidd's Prac., 1083. This rule applied here would seem to determine that the bringing of the writ of error was not a supersedeas of the execution.

The rule perhaps should be qualified so as not to apply to a case where the first writ is withdrawn and a new one substituted for good cause, like the making of better service; but this qualification would not affect the present case.

But there are further facts found in the case. It is found that "Pratt supposed that the legal effect of the writ of error would be to supersede the execution, and he caused the writ of error to be served for the purpose and with the intent that the service of the execution should be suspended." Here, in addition to the fact that his writ of error was a second and unnecessary proceeding in error, we find that his motive in bringing the writ of error was to procure a supersession of the execution. This is a motive which the law cannot encourage and the existence of which defeats its very object.

The authorities are numerous that where a writ of error is brought for the purpose of delay it does not supersede the execution. *Dutton* v. *Tracy,* supra; *Spooner* v. *Garland,* 2 Maule & Selw., 474; *Hawkins* v. *Snuggs,* id., 476; *Kempland* v. *Macauley,* 4 T. R., 436. In *Masterman* v. *Grant,* 5 T. R., 714, the defendant's attorney had said that the reason why he brought the writ of error was that if the defendant should pay the money pending the action he would never get it from the original debtor, but that while the cause was depending he might prevail on him to settle it; and this was held sufficient evidence of the mere purpose of delay to prevent the writ of error being a supersedeas of the execution.

This same principle, as one founded in justice, and as necessary to the administration of justice, has been repeatedly recognized in our legislation. Thus in our statute with regard to motions in error, passed in 1823, it is provided that such motions may be allowed "if the court shall be of opinion that they are not intended for delay." Gen. Statutes, p. 450, sec. 14. So in the statute with regard to summary process for obtaining possession of leased premises, it is provided that the defendant may have twenty-four hours after judgment to procure a writ of error, and that "execution shall be stayed during that time if it shall appear to the justice who renders the judgment that such proceedings are not had for the purposes of delay." Gen. Statutes, p. 492, sec. 10. And by a statute passed in 1864 it is provided

that "during the pendency of any writ of error in the Supreme Court the defendant in error may apply to any judge of the court for the suspension of the stay of execution, and that if it shall be shown that there is no reasonable cause for the allowance of the writ the judge may order that the levy of the execution shall not be further suspended by reason of the pendency of the writ." Gen. Statutes, p. 452, sec. 23.

Another question was made as to whether, aside from all the objections considered, the officer's return upon the execution was not made too early, and whether therefore, if the service had been completed before the writ of error was served, the service would not have been inoperative as against the special bail. We think it not necessary to consider this question, both because the ground upon which we have placed the case is sufficient to dispose of it, and because if the execution was served and returned too early it would yet have been legal unless it had been injurious to the present defendant. Of course it could not be injurious unless the body of the debtor had been surrendered by the bail or he had surrendered himself to the officer to be taken on the execution before the return day, and no such surrender was made or tendered. *Hall* v. *White*, 27 Conn., 488.

The Superior Court is advised to render judgment for the plaintiffs.

In this opinion the other judges concurred.