NORTHEASTERN GAS TRANSMISSION COMPANY *v.*
J. IRENE BENEDICT ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued May 6—decided May 22, 1952

*Frederick F. Ehrsam, Daniel E. Brennan, William H. Makepeace, George F. Lowman* and *Robert C. Bell, Jr.,* for the appellants (defendants).

*Daniel F. Wheeler,* for the appellee (plaintiff).

INGLIS, J. This motion for the review and setting aside of an order terminating a stay of execution is made pursuant to the second paragraph of § 411 of the Practice Book. The first paragraph of the section provides that in civil actions proceedings to enforce the judgment shall be stayed pending an appeal, "but if the judge who tried the case is of the opinion that . . . the appeal is taken only for delay or that the due administration of justice requires him to do so, he may at any time, upon motion and hear-

ing, order that the stay be terminated." The second paragraph reads: "The sole remedy of any party desiring this court to review an order terminating a stay of execution shall be by written motion filed within five days after the order was made. . . ." This paragraph was inserted as an amendment of the section and became effective January 2, 1952. This is the first motion we have had under it. The filing of a motion for review under this rule operates as a further stay until a decision thereon by this court.

The plaintiff instituted sixty-six actions in the Superior Court for Fairfield County for the condemnation of rights of way for a natural gas pipe line. Ancillary thereto it made application pursuant to General Statutes, Cum. Sup. 1951, § 1076b, for permission to enter immediately upon the properties involved and devote them temporarily to the public use. On April 7, 1952, after a full hearing, the Superior Court (*Murphy, J.*) found that public interest would be prejudiced by delay and ordered immediate possession. The defendants in the thirty-six cases in which the present motion is made filed their appeals from that order on April 26. An appeal from such an order is permissible. *Northeastern Gas Transmission Co.* v. *Brush*, 138 Conn. 370, 374, 84 A.2d 681. The taking of the appeals ipso facto stayed the execution of the order for immediate possession, but the plaintiff moved Judge Murphy for a termination of the stay, and after a hearing the judge "ordered that the stay of execution be and hereby is terminated and the clerk shall issue the necessary executions." This order was entered on May 5 and the present motion was filed on May 7. The ground upon which the judge ordered the termination of the stay of execution was that the due administration of justice required it.

The first question to be decided is just what is the issue before this court on such a motion as we now have under consideration. Is the ordering of the termination of a stay of execution on the ground that the due administration of justice requires it something which lies in the discretion of the trial judge? If it is, the only question before us is whether he has abused that discretion.

It was early recognized in the common law of this state that in spite of the pendency of a writ of error in any case the trial judge who had heard the case might order the issuance of an execution if he was of the opinion that the writ of error was taken solely for the purpose of delay. *Dutton* v. *Tracy*, 4 Conn. 365, 372; *Brewster* v. *Cowen*, 55 Conn. 152, 156, 10 A. 509. The power of a trial judge to terminate a stay of execution on the ground that justice required it was never recognized in our law until a statute granting it was adopted in 1882. Chapter 50 of the Public Acts of 1882 substituted the method of appeal for the old motion for a new trial and motion in error as a means of obtaining a review of claimed errors in the trial court. Section 6 of that chapter provided that execution should be stayed pending an appeal, but that the trial judge might order the issuance of an execution if, in his opinion, the appeal was taken only for delay or if the due administration of justice required it. This was couched in essentially the same phraseology as that of the first paragraph of the present § 411 of the Practice Book. The statute remained on the books in substantially the same form until 1929. In that year the General Assembly repealed most of the statutes which governed procedure on appeal, including the section in question, and authorized the judges to adopt rules for that purpose. The authorization specifically in-

cluded the power to adopt rules concerning the "stay of execution during the pendency of appeal." Public Acts, 1929, c. 301, § 12 (Rev. 1949, § 8012). It was pursuant to that authority that the first paragraph of the present § 411 of the Practice Book was adopted.

Although the question of the validity or effect of an order terminating a stay of execution has been before us on several occasions, we have never decided whether the entering of such an order lay in the discretion of the judge. See *Bock* v. *Meriden Trust & Safe Deposit Co.,* 135 Conn. 94, 95, 60 A.2d 918; *Reilly* v. *State,* 119 Conn. 217, 222, 175 A. 582; *Quinlan* v. *City National Bank,* 105 Conn. 424, 429, 135 A. 435; *Coughlin* v. *McElroy,* 72 Conn. 444, 448, 44 A. 743; *Grelle* v. *Pinney,* 62 Conn. 478, 487, 26 A. 1106; *Brewster* v. *Cowen,* supra; *Dutton* v. *Tracy,* supra.

Inasmuch as the power to terminate a stay on the ground that justice requires it is, as we have already pointed out, one which was created by statute and continued by rule, the exercise of it is necessarily controlled by that rule. Whether such termination lies in the discretion of the judge depends altogether upon the interpretation of the rule. In the interpretation of the rule the controlling consideration is that it provides for a termination of the stay if the trial judge is "of the opinion" that the due administration of justice requires it. An opinion is a belief less strong than positive knowledge. Webster's New International Dictionary (2d Ed.). The forming of an opinion, therefore, ordinarily involves the exercise of discretion in determining the weight to be given to various conflicting considerations. The General Assembly in adopting the statute and the judges in adopting the rule obviously recognized

that the trial judge, with his background of familiarity with the case, would be in a peculiarly advantageous position to determine what the due administration of justice required. It is the intent expressed in the statute and the rule that in the determination of that matter the trial judge should use his sound discretion. It follows that the question now before us is whether the trial judge abused his discretion in coming to the opinion that the due administration of justice required the termination of the stay of execution.

One other question with which we are faced is how we are to test that discretion. We have no formal findings of the facts upon which the judge arrived at his opinion. Before the adoption of the amendment of the rule which is now the second paragraph of § 411, there was considerable doubt as to how an order terminating a stay of execution could best be brought before this court for review. The entering of such an order could be assigned as error in the appeal from the judgment in the case. See *Grelle* v. *Pinney,* supra. We had said that the order itself could not be appealed from directly. *Quinlan* v. *City National Bank,* supra, 429. Whether that statement was correct, however, had been brought into question by later cases holding that any order either before or after judgment which finally concluded the rights of the parties is appealable. In any event, whether a review of the order was to be had by assigning it as error in the original appeal or whether a review was obtainable by appealing from the order directly, a long delay was bound to result. The purpose of the judges in adopting the amendment permitting a motion to this court was both to remove uncertainty as to the proper procedure and to provide a speedy method of review. In other words, it is

contemplated that proceedings upon such a motion shall be summary and therefore somewhat informal. In particular, they should not be delayed to await a formal finding of facts by the trial judge.

We have before us the entire file in the case, included in which are the court's memorandum of decision on the application for immediate possession, the judge's memorandum on the motion to terminate the stay of execution and the defendants' request for a finding in connection with their appeal. The two memoranda set forth enough of the facts found so that, weighing them against the statement of the questions of law which the defendants wish to have reviewed appearing in their request for a finding, we are in a position to determine whether there was any abuse of discretion in the terminating of the stay.

Without reviewing the facts in detail, it appears that upon the original application the court found that public interest would be prejudiced by further delay of the plaintiff in going into possession; that the plaintiff has already acquired rights in all of the 306 pieces of property in Fairfield County which it needs except the 36 pieces involved in this appeal; that pipes must be laid during the summer season and if the plaintiff has to await the determination of the appeal no pipes can be laid until the summer of 1953; that, in so far as the payment of money damages can compensate the defendants for injury sustained by reason of the plaintiff's going into possession immediately, they have been amply secured for those damages by surety bonds in amounts agreed to by them. The questions to be reviewed on the appeal do not involve any claim that the act authorizing the taking of the property is unconstitutional. That question was resolved in *Northeastern*

*Gas Transmission Co.* v. *Collins,* 138 Conn. 582, 590, 87 A.2d 139. The claims on the pending appeal will be very largely that conditions which have arisen since the federal power commission issued the certificate of public necessity to the plaintiff will lead to a revocation of that certificate and that, in any event, it will be impossible for the plaintiff to supply enough gas through its proposed pipe line to alleviate present scarcity. For those reasons the defendants claim that the court's conclusion that public interest would be prejudiced by further delay was not warranted. Whether this claim is valid is a question which will have to be determined upon the appeal from the order for immediate possession. That the claim is made is not of controlling moment in the determination of the present motion. The fact that practical difficulties may arise to obstruct the execution of a public work does not necessarily postpone all proceedings until those obstacles are overcome. See *Peckham* v. *Lebanon,* 39 Conn. 231, 236.

Upon a review of the whole matter, we are satisfied that the trial judge did not abuse his discretion in coming to the opinion that the due administration of justice required a termination of the stay of execution, and therefore that the order for such a termination was proper.

The motion that the order be set aside is denied.

In this opinion the other judges concurred.