[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS FOR SUMMARY JUDGMENT (NOS. 200 213)
Plaintiffs brought a two count action against defendant City of Bridgeport ("City") alleging negligence under Connecticut General Statutes 13a-149 (highway liability statute) and nuisance. The suit arises out of a claim that Kevin Stevenson was injured when the motorcycle he was operating on Soundview Boulevard[1] collided with a gate placed across the road by the City.
Defendant now moves for summary judgment on the following grounds:
 1. The road on which the accident occurred was not a public highway under Connecticut General Statutes 13a-149 which makes municipalities liable for damages caused by defective highways.
 2. As Soundview Boulevard was not a public highway, the defendant city is immune under Connecticut General Statutes 52-557j which protects landowners from liability to any person injured while operating a motorcycle on the landowner's property.
 3. Soundview Boulevard was located entirely within a park provided by defendant for recreational use; therefore, the city is immune from liability under Connecticut's recreational use statute, Connecticut General Statutes 52-557g.
Plaintiffs filed a memorandum and supporting documents in opposition to the motion for summary judgment. Plaintiffs also requested summary judgment on defendant's two special defenses of immunity under the landowner and recreational use statutes cited above. CT Page 3044
In deciding a motion for summary judgment, the court is limited to considering the pleadings, affidavits and other documentary proof submitted by the parties. Connecticut Practice Book 384; Orticelli v. Powers, 197 Conn. 9, 15 (1985).
The court's job in reviewing such a motion is not to decide issues of material fact but rather to decide if such issues exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1988); DiUlio v. Goulet, 2 C.A. 704.
Summary judgment is only appropriate where the moving party has shown that there is no genuine issue of material fact. Connecticut Practice Book 384; Strada v. Connecticut, 193 Conn. 313,316-317 (1984). The court must view the evidence in the light most favorable to the nonmoving party. Nolan, supra.
I. THE PUBLIC HIGHWAY ISSUE
Connecticut General Statutes 13a-149 provides for municipal liability to persons injured by reasons of defective roads or bridges. It states in relevant part:
 Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. No action for any such injury sustained on or after October 1, 1982, shall be brought except within two years from the date of such injury. No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation. . . . No notice given under the provisions of this section shall be held invalid or insufficient by reason of an inaccuracy in describing the injury or in stating the time, place or cause of its occurrence, if it appears that there was no intention to mislead or that such town, city corporation or borough was in fact misled thereby.
Defendant city claims that Soundview Boulevard is not CT Page 3045 a public highway under 13a-149 for the following reasons:
 1. It is completely within Seaside Park and, therefore, is park property. Park property includes ". . .all avenues, roads, ways, drives, walks. . . ." (Emphasis supplied.) Bridgeport City Charter, Section 150.
 2. Soundview Boulevard is closed between dusk and dawn each day by the use of gates such as the one involved here. (Affidavit of Philip Handy, defendant's exhibit A.)
 3. There are restrictions prohibiting motorcycles and commercial vehicles on Soundview Boulevard (Bridgeport City Ordinances 22-7 (c) and 23-7 (b); affidavit of Philip Handy, supra).
 4. Driving instruction and speeds over 15 m.p.h. are prohibited on Soundview Boulevard. (Philip Handy's affidavit, supra.)
Each party presented an affidavit from Mario Tomarelli of the State of Connecticut Transportation Department regarding use of state funds on Soundview Boulevard. (Plaintiffs' exhibit A, defendant's exhibit A, July 2, 1990.)
The threshold question for the court is whether the status of Soundview Boulevard is a material fact.
 A `material' fact has been defined adequately and simply as a fact which will make a difference in the result of the case.
United Oil Co v. Urban Redevelopment Commission, 158 Conn. 364,379 (1969).
If Soundview Boulevard is a public highway, plaintiff may recover under the highway statute, Connecticut General Statutes 13a-149. If not, plaintiff is faced with the landowner and recreational use immunity statutes which might preclude recovery. The status of Soundview Boulevard is certainly material.
Defendants evidence regarding Soundview Boulevard falls into two categories. First, defendant claims that Soundview Boulevard cannot be a public highway under 13a-149
because it is located completely within the park and is merely a park road. Secondly, defendant lists certain restrictions on the use of the road which take it out of the public highway category.
The affidavits of Mario Tonarelli, supra, rebut the CT Page 3046 first claim that Soundview cannot be a public highway for purposes of Connecticut General Statutes 13a-149. Once state funds were accepted, the city took on liability obligations under the highway statute. Connecticut General Statutes13a-150 states:
 The obligations for highways constructed under the provisions of part II of Chapter 240, imposed under the provisions of sections 13a-144 and 13a-149 upon towns and upon the state, shall be assumed by the towns which accept an allocation of funds under the provisions of said part, except for highways or bridges accepted by the commissioner as state highways or bridges.
Defendant initially claimed that Soundview Boulevard is ". . . nothing more than a park road." (Brief of May 21, 1990, pages 5, 6. ) The Tonarelli affidavits indicate that much of Soundview Boulevard is a public highway for liability purposes.
Defendant in its supplemental brief of July 2, 1990 retreated from the position that none of Soundview Boulevard is a public highway to a claim that the point at which the accident occurred was not included in the state aid program and therefore was not a public road. Exhibits show that Soundview Boulevard is a continuous road. The court cannot conclude that the accident point is nonpublic based only on whether state funds were used. The fact that inclusion in the state program subjects the city to liability does not mean that the converse (an absence of such funds) makes the road nonpublic.
The second category, restrictions on the use of Soundview Boulevard, may well be indicia for the trier of fact to consider, but they are not conclusive. For example, the restriction[2] on commercial vehicles does not in and of itself preclude public highway status. Such vehicles are not allowed on the Merritt Parkway in Connecticut, and there is no question that the Merritt is a public highway. Similarly, a 15 m.p.h. speed limit on a city street does not make it nonpublic.
Under case law, "The essential feature of a `highway' is that it is a way over which the public at large has a right to pass." State v. Pierson, 2 Conn. Cir. 660, 204 A.2d 838 (1964). A thoroughfare may be a public way. Peckham v. Town of Lebanon, 39 Conn. 231 (1872). Wamphassuc Pt. Prop. Owners Assn. v. Public Utilities Commission, 154 Conn. 674 (1967), states at page 680:
In Stavola v. Palmer, 136 Conn. 670, 683, CT Page 3047 684, 73 A.2d 831, we noted that "`public highway' is tautology" and approved the dictionary definition of a highway as "[a] main road or thoroughfare; hence, a road or way open to the use of the public." We quoted also (p. 683) from Laufer v. Bridgeport Traction Co., 68 Conn. 475, 488, 37A. 379: "A highway is a public way open and free to any one who has occasion to pass along it on foot or with any kind of vehicle." We also noted that "[t]he essential feature of a highway is that it is a way over which the public at large has the right to pass" and "[a]ccordingly, the term `highway' is ordinarily used in contradistinction to a private way, over which only a limited number of persons have a right to past.". . . .
The documents, affidavits and pleadings indicate that Soundview Boulevard runs along the shoreline for over two miles and is used by members of the public for their driving pleasure. Connecticut General Statutes 14-1(18) defines highway as follows:
 `Highway' includes any state or other public highway, road, street, avenue, alley, driveway, parkway or place, under the control of the state or any political subdivision of the state, dedicated, appropriated or opened to public travel or other use;. . . . (Emphasis supplied.)
The burden is on the moving party to show the nonexistence of any genuine issue of material fact. "Summary judgment should be denied where the affidavits of the moving party do not affirmatively show that there is no genuine issue of fact as to all of the relevant issues of the case." Walker v. Lombardo, 2 Conn. App. 266, 269 (1984).
Case law and statutory law tell us that use by the public is the key element of a public highway. The City has not shown the lack of a factual dispute on this issue. The court concludes that whether Soundview Boulevard at the point of the accident is a public highway presents a genuine issue of material fact.
II. THE NUISANCE CLAIM
Defendant's motion did not address the nuisance claim CT Page 3048 separately until it filed a "response to argument number III" as raised in plaintiff's supplemental memorandum in opposition to defendant's motion for summary judgment. This response is dated August 3, 1990 and basically claims that the City is not liable unless it creates a nuisance by some positive act as opposed to a failure to do certain things.
The City filed no supporting documents or affidavits in support of this claim, and therefore, it must be denied. The court notes, parenthetically, that the claim raised by the City appears to be more appropriately raised by a motion to strike.
III. THE IMMUNITY CLAIMS
The court's finding that there is a genuine issue of material fact on the public highway question precludes consideration of the extensively briefed immunity claims under Connecticut General Statutes 52-557j and 52-557g.
Defendant makes no claim and cites no authority to the effect that these immunities apply to public highways. If the trier of fact determines that Soundview Boulevard is a public highway, the immunity defenses would not come into play. If the trier decides otherwise, these claims would then have to be considered.
For all of the foregoing reasons, the motions for summary judgment are denied.
E. EUGENE SPEAR, JUDGE