[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court pursuant to a complaint filed by the plaintiffs seeking a temporary and permanent injunction against the defendant, City of Hartford (City). The plaintiffs ask for an injunction prohibiting and restraining the City from enforcing its traffic regulation of October 19, 1990 as amended on May 1, 1992, which provides for the closing of Pratt Street in downtown Hartford to vehicular traffic between the hours of 11:30 a.m. and 2:30 p. m.
The plaintiffs claim irreparable harm and an inadequate remedy at law because they own office buildings fronting on Pratt Street, and are prevented from gaining vehicular access during those hours. Furthermore, they allege that their tenants and their tenants' customers are similarly denied access resulting in harm to the plaintiffs by their loss of tenants and to their tenants by their loss of business.
The plaintiffs claim they are entitled to the relief sought because (1) the regulation in question violates the deed of grant to the City in that said deed provided that the property conveyed was "for the purpose of a road and for no other purpose." This, the plaintiffs allege means that the road must always be open to vehicular traffic; and (2) the regulation was not adopted by ordinance as required by Chapter III, Section 10 of the City of Hartford charter.
It should be noted that the City on September 15, 1989, signed a construction and maintenance agreement with Pratt Street Limited Partners, a consortium of building owners on Pratt Street, for a period of 50 years. This agreement was assigned to Aetna Life and Casualty Co. whose private security guards secure and patrol Pratt Street. The evidence has shown that these guards on many occasions prohibit parking at hours earlier then 11:30 a.m. to prepare for tables being set up on the sidewalks.
The City has denied both of these allegations and additionally claims that the plaintiffs have not exhausted their administrative remedy and thus are not entitled to injunctive relief because they are not irreparably harmed, thus not qualifying for injunctive relief against a governmental body.
The court will discuss each issue separately.
Exhaustion of Administrative Remedies
If the plaintiffs have an administrative remedy available to them, they may not pursue an action in this court. Dukes v. Durante, 102 Conn. 207, 225 (1984). CT Page 7018
General Statutes 14-313, in pertinent part, provides:
"any person aggrieved by any . . . . regulation made by any traffic authority under the provisions of this chapter, relating to the establishment of through streets, the making of safety zones, the establishment of parking restrictions . . . may take an appeal therefrom to the court of common council . . . wherein such traffic authority is located, or to the superior court for the judicial district in which it is located . . . upon such hearing, such court or board shall determine whether the order or regulation appealed from is reasonable, and shall thereupon sustain or revoke such order or regulation."
There is no dispute that, in this case, the plaintiffs took their appeal to the Hartford City Council which denied that appeal on April 27, 1992. Although the defendant claims "an appeal from the council may still be available", it offers no support or authority for this proposition and this court can find no statutory provision for it. Thus, the court can only conclude that there is no further administrative remedy available to these plaintiffs.
Injunctive Relief
Injunctive relief against a municipality carries with it more than the usual standards for the granting of such relief. Courts rarely interfere with a city's exercise of a legislatively granted power unless it is used illegally or arbitrarily so as to amount to an abuse of discretion Wood v. Wilson, 156 Conn. 304,311 (1968).
The plaintiffs, of course, must demonstrate that the City's action has caused them irreparable harm and that they have no adequate remedy at law. Berin v. Olson, 183 Conn. 337, 340
(1981).
The evidence adduced at trial on this question has demonstrated that, in fact, the plaintiffs and their tenants have suffered immeasurably from the closing of Pratt Street for the three hour periods. They are unable to receive deliveries; customers of their tenants have moved because of their inaccessibility; large numbers of vacancies have resulted.
Therefore, if the plaintiffs are able to demonstrate and prove a legal wrong to them, they are entitled to injunctive relief.
 The Alleged Violation of the Conditions of the Granting Deed
CT Page 7019
The question raised by the plaintiffs, simplistically stated, is this: Does the closing of a road to vehicular traffic by the City change its use under the construction of the terms of the granting deed from a "road" to some other use? More succinctly put, however, the issue is — does a restriction on vehicular traffic by the City, if done lawfully, violate its designated use as a "road"?
Both parties agree that the purpose of the deed is to have this land used exclusively by the public with free access to travel over it. See A H Corp. v. City of Bridgeport, 180 Conn. 435
(1980).
It is clear from Connecticut case law and statutes that the term "road" has never been used to require only vehicular traffic on it. See General Statutes 14-1(a)(34) Peckham v. Town of Lebanon, 39 Conn. 231 (1872). The plaintiffs cite Lake Garda Improvement Assn. v. Battistoni, 160 Conn. 503, 512 (1971), as authority for the proposition that a road means vehicular traffic. On the contrary, the court, in that case, said that the conveying instrument governed the meaning of the word as expressed in the instrument and although the word `road' (emphasis added) refers to . . . vehicular traffic", the terms of the deed controlled.
In the deed in question, the grantor dedicated the land to the City for the "use as a road and for no other purpose." Nowhere is there evidenced any intent by the grantor to restrict its use to vehicular traffic only nor was there any attempt evidenced by the grantor to exempt the property from lawful regulation by the City. Therefore, the plaintiffs' claim for relief on this ground must be denied.
 The Claim of Illegal Adoption of the Regulation Closing Pratt Street
The plaintiffs contend that the City has no statutory authority to prohibit vehicles from traveling on public roads. They cite General Statutes 314-299-14-314(c). While these statutes do not expressly give the City this authority, General Statutes 7-148C(7)(B)(i) does. This statute provides in pertinent part: (The municipality has the authority to):
Regulate and prohibit in a manner not inconsistent with the general statutes, traffic, the operation of vehicles on streets and highways. As previously noted, the term "highway" includes the term "road", General Statutes 14-1(a)(34),14-297 (1). See also, C. White and Son, Inc. v. Town of Rocky Hill, 181 Conn. 114, 122 (1980); Pizzuto v. Newington, 174 Conn. 282,284 (1978). CT Page 7020
The City has adopted an ordinance specifically granting the city manager the power to adopt regulations for the control of traffic (Chapter V Sec. 7). The regulation in question was duly adopted and duly amended.
This court must therefore conclude that the plaintiffs claim that the City was without authority to close Pratt Street must also fail.
At trial, evidence was produced without objection or contradiction by the City that Aetna Life and Casualty Co., as previously noted, prohibits parking on Pratt Street during hours not specified in the regulations.
To this extent a temporary injunction may issue against the defendant City of Hartford restraining said City from permitting Aetna Life and Casualty Co. from prohibiting parking on Pratt except as authorized by duly adopted regulations.
The plaintiffs' other requests for relief are denied.
FREED, J.