[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR POSSESSION AND EJECTMENT
On August 3, 1995 this court entered a judgment of strict foreclosure in this matter with a law day of August 25, 1995 and following days. On August 11, 1995 defendant filed a "Motion to Vacate Memorandum of Decision Dated August 3, 1995." That motion was amended on August 14, 1995 to add "facts and issues." This court takes those as a motion to vacate its judgment of August 3, 1995.
On August 14, 1995 the plaintiff filed a motion to terminate the automatic stay of execution under P.B. § 4045 et seq. The appeal had not yet been filed.
On August 14, 1995 the defendant filed a motion for extension of time in which to file an appeal.
On September 18, 1995 this court heard the motion to terminate the stay and the motion for possession and ejectment. At that hearing defendant stated she had filed an appeal on September 15, 1995 at 4:06 P. M. The court accepted that statement as a fact.
The court ordered the stay terminated at that time. In addition the court set a new law day of October 9, 1995 and following days, thus in effect granting defendants' motion for extension of time in which to appeal.
Law
The court cannot in law or equity give possession of an equity owner's real property to a foreclosing party before the law days set for redemption have expired. C.G.S. §§ 49-16; CT Page 1014549-19 and 49-22.
The termination of a stay would immediately permit the issuance of an execution. Northeastern Gas Transmission Co.v. Benedict, 139 Conn. 36. However, § 49-22 specifically requires the court to find that the foreclosing party "is entitled to possession of the land." As of this time it is not.
This matter is set for a rehearing on the motion for termination of stay and a hearing on the issues of ejectment and possession under C.G.S. § 49-22 on October 10, 1995 at 11:00 A.M. in court room 102 at 95 Washington Street, Hartford, Connecticut.
N. O'Neill, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 10164