[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS'MOTION TO TERMINATE STAY DATED 12/1/95
Under Conn. Practice Book Section 4046, if the trial judge is of the opinion that the due administration of justice requires the said trial judge to terminate the automatic stay of proceedings provided for in said section, the trial judge may, at any time, order that the stay be terminated. CT Page 14018
Northeastern Gas Transmission Co. v. Benedict, 139 Conn. 36
(1952) held that the termination of the stay is addressed to the discretion of the trial court. Defendants have conceded such in their memorandum dated December 6, 1995.
This court has found in its judgment(s) in this case that, inter-alia, the defendant(s) committed fraud, made fraudulent conveyances and violated the Connecticut Unfair Trade Practices Act. The court has also taken into account the exhibits in the hearing in this matter of even date that support plaintiffs' arguments.
The court believes, therefore, that there is a real and present danger that said defendants will transfer their assets to avoid payment of the judgments in this case; that the court has no evidence before it that the plaintiffs are adequately secured by attachments, judgment liens or other means, to collect on or enforce the judgments if the appeal is dismissed or denied; and that, therefore, unless this court acts now, there is a real danger that the plaintiffs herein will be denied the fruits of their victory.
As the plaintiffs have claimed, there is and will be prejudice to the plaintiffs' rights by a continuation of the automatic stay. The court finds that such prejudice may and/or will be irreparable, and that the due administration of justice requires a termination of the stay.
At the same time, the court is cognizant of the defendants' rights and does not believe that the plaintiffs should now be able to enforce the judgments to the extent of collecting at this time the amount due. Rather, the court believes that the stay should be terminated to the extent necessary to secure assets of the defendants to enable plaintiffs to collect on said judgments in the event the appeal is denied.
Accordingly, the automatic stay is hereby terminated to the following extent:
1. As to the court's orders of disclosure of assets by the defendants previously rendered on July 27, 1995: and with which defendants are hereby ordered to comply within seven days hereof. As to said orders of July 27, 1995, they are expanded where necessary to accomplish and order disclosure of all assets ofall defendants. CT Page 14019
Defendants have apparently appealed the order of disclosure as part of their pending appeal. This court is not sure that defendants have a right to appeal same. Plaintiffs contend they do not. However, if they do have such right, this order of termination is directed to that portion of the appeal as well as other aspects of the appeal as stated therein.
2. As to plaintiffs filing judgment liens. executions, garnishments, attachments, etc. on or against defendants assets, but not to collect on same. Non-real estate assets are to be held in escrow by the officer serving executions, garnishments or attachments in interest bearing accounts where possible or by the Clerk of this Court under the same conditions until further order of this court.
Further, defendants are hereby ordered not to transfer any assets now owned by them and/or in which they have an interest, legal or equitable.
Rittenband, J.