## ARGUED AND DETERMINED

### IN THE

## *Supreme Court of Errors*

### OF THE

## STATE OF CONNECTICUT.

---

PORTER and Wife *against* COLLINS and others.

Under a devise to the wife of a certain part of the testator's estate, she is not entitled to participate in an advanced portion received by one of the daughters.

But in the distribution of an estate under a will, among children, advanced portions are to be brought into *hotchpot*, and made the subject of distribution according to the provisions of the will.

Therefore, where a testator gave to his wife *A.* the use of one third of his estate, during her life; to trustees for the benefit of his daughter *B.*, during her life, one half of his estate not otherwise disposed of, deducting therefrom the amount of an advanced portion, which she had received; and to his daughter *C.* the remainder of his estate; it was held, 1. that *A.* was entitled, in the distribution, to receive only one third part of the estate left by the testator, at his death; 2. that to the residue of such estate was to be added the amount of *B.*'s advanced portion, and then *B.* was to receive one half of this sum, less by the amount of her advanced portion, and *C.* was to receive the other half, precisely.

This was an appeal from a decree of the court of probate for the district of *Hartford.*

On the 10th of *November*, 1825, *Barna Collins* made his last will, by which he gave—1. to his wife, *Mercy Collins*, the use of one third of his real and personal estate, during her natural life; 2. to *Seth Terry* and *Samuel Hurlbutt*, in trust, one half of his real and personal estate not otherwise disposed of, (deducting therefrom the amount he had advanced for her furni-

ture, &c.) for the benefit of his daughter *Lucy*, the rents and profits to be paid to her annually, during her natural life ; 3. to his daughter *Caroline* the remainder of his real and personal estate. Soon afterwards, the testator died, leaving real and personal estate beyond his debts and expenses of administration, to the amount of 11590 dollars, 69 cents. The distributors, who were appointed to distribute this estate according to the will, distributed to *Mercy Collins*, the widow, the value of 4352 dollars, 82 cents, being one third of 13053 dollars, 45 cents, the aggregate of 11590 dollars, 69 cents, the amount of the estate, and 1467 dollars, 76 cents, the sum previously given to *Lucy*, one of the daughters, for furniture, &c. as advanced portion ; and to *Lucy* the value of 2885 dollars, 5 cents, being one half of the remainder of 13058 dollars 45 cents, deducting therefrom the sum of 1467 dollars, 76 cents, so advanced to her ; and to *Caroline*, the other daughter, the value of 4352 dollars, 82 cents. This distribution was accepted by the court of probate ; and *Caroline* with her husband *Henry B. Porter*, appealed from the decree. The superior court reserved the case for the advice of this Court.

*A. G. Porter*, for the appellants, contended, That the distribution was not in accordance with the will.

First, the distribution gave more to *Mercy Collins*, the widow, than she was entitled to. When the testator gave her the use of one third of his estate, he had in contemplation such estate as he should have at his death ; not what he had given away years before. Over this he could have no controul. An advanced portion is not disposable property of the testator. It belongs absolutely to another. The testator's estate, at the time of his death, amounted to 11590 dollars, 69 cents, and to that sum only ; but the distribution gave her one third of a larger sum.

Secondly the distribution gave more to *Lucy*, the second devisee in the will, than she was entitled to. After disposing of one third of the estate to the widow, the will gave one half of the remainder *minus* 1467 dollars, 76 cents, to *Lucy*. The distribution here, as in the former case, assumed a greater sum than the value of the estate, as the amount to be distributed.

Thirdly, as a necessary consequence, the distribution gave less to *Caroline* than she was entitled to. The devise to *Caroline*, giving her the remainder of the estate, is appropriate, and

sufficient to constitute a residuary legatee, entitled to all the estate not previously disposed of. The testator had not disposed of the sum of 1467 dollars, 76 cents, mentioned in the will, not only because it was no part of his estate, but because the words used do not import a disposition of it. The amount advanced to *Lucy* is stated as the measure of the deduction to be made on her share from the amount just before given to the widow. The widow was to have one third; and *Lucy* was to have one half of what was undisposed of, *deducting therefrom* the amount advanced to her. Had the will stopped here, this amount would have been intestate estate. But the next clause embraced it in the *residuum*, which it gave to *Caroline*. She is, then, entitled to one third of $11590,69, *viz.* 3863,56+1467, 76=5331,32; for this is the entire *residuum ;* whereas the distribution gave her only $4352,82.

*Hartford,*
June, 1828.

Porter
*v.*
Collins.

In the construction of a will, the court will not depart from the ordinary sense and common acceptation of the words used, unless the whole will, taken together, demonstrates an intent to put a different sense upon them. In this case, no such intent is discernible.

*T. S. Williams* and *S. Terry,* contra, contended, That the distribution was correctly made.

First, with respect to *Mercy Collins.* And here it may be admitted, that if *Barna Collins* had died intestate, his widow could not have participated in the advancement to *Lucy.* But *Mercy* claims as *devisee,* not as widow ; and she is to receive what the will gives her. Now, it is apparent that the testator intended to divide his estate into three equal parts, one of which was to go to each of the devisees, subject to this modification only, that the advancement to *Caroline* was to be considered as a part of her share. He considered his widow as in *loco hæredis.* By this rule the distributors were governed.

Secondly, *Lucy* was, at any rate, as much the object of her father's bounty, as *Caroline.* The direction in the will to deduct the sum advanced to *Lucy* from her share, shews, that the testator contemplated this as a part of the fund to be divided. The deduction is to be made *secundum subjectam materiem ; i. e.* like other advanced portions. It might be brought into *hotchpot,* and then taken out of *Lucy's* share. This will make *Lucy* and *Caroline* equal sharers in the bounty of their father.

If it be asked, why, on this construction, did *Barna Collins*

*Hartford,*
*June, 1828.*

Porter
*v.*
Collins.

make a will; the answer is obvious. He did it, in the first place to give his wife the *use* only of the personal property; and secondly, to create a *trust* for *Lucy.*

*Porter*, in reply, insisted, that there was not only no intention apparent from the will to confer equal benefits on the several devisees, but a contrary intention was manifest. *Mercy* was to have the *use* only of the portion allotted to her. *Lucy's* portion was to be put into the hands of trustees, who were to pay her the *rents and profits* only. To *Caroline* the testator gave absolutely and forever " the remainder of his real and personal estate." It is clear, that the testator intended inequality of benefit. Does this furnish any presumption, that he intended an equality in the amount of the shares?

DAGGETT, J. The superior court reserved for the opinion of the supreme court of errors, the question, whether the decree of probate accepting the distribution, shall be affirmed or reversed?

In the view of the facts presented, two points deserve consideration.—1. Is the distribution to the widow, *Mercy Collins*, of one third of 13,058 dollars 45 cents, viz., 4352 dollars, 82 cents, correct? This, upon very plain principles, must depend on the will. The first clause, and which contains the devise to *Mercy*, is in these words: " To my beloved wife, *Mercy*, I give and bequeath the use of one third of my real and personal estate, during her natural life." To ascertain her share under this will, the distributors added to the estate left by the testator, and inventoried as such, viz., 11580 dollars, 69 cents, the sum of 1467 dollars, 76 cents, being a sum found to have been advanced to the daughter, *Lucy*, the second devisee in the will, and distributed to *Mercy* 4352 dollars, 82 cents, one third of 13,058 dollars, 45 cents, thus making the estate left, and the advancement to *Lucy*, the basis of the share of one third to the widow.

This, in my judgment, was erroneous. The devise to *Mercy*, is very explicit, and contains no ambiguity :—it is, of one third of his real and personal estate. Now, that can intend only the estate owned by him, at his death, and cannot include a sum advanced to *Lucy*. That was, in no sense, his estate :—it had been transferred to her, during his life, and was, to every intent, her property. *Stearns* & al. v. *Stearns* & al. 1 *Pick.* 157.

By this mode of distribution, the appellant, *Caroline*, is injured, because it takes from her, and the other devisee, as much of the estate, as it gives to *Mercy*, the widow, beyond what it ought to give ; and, of course, leaves less for distribution to them.

*Hartford*, June, 1828.

Porter
*v.*
Collins,

Here, it is insisted by the counsel for the appellees, that the testator intended to treat her as an heir, and to settle his estate upon the widow and daughters on the same principles ; and that, as they insist, the advancement of 1467 dollars, 76 cents, shall be brought into *hotchpot*, in ascertaining the daughters' shares ; so here, he is to be presumed to intend the same thing in relation to his wife. I see no ground for this supposition. There is not a word in the will warranting the idea. On the contrary, the language is express, to give to her one third of his estate, which cannot comprise property of which he had become divested, by the advancement. In this respect, the distribution ought not to have been accepted ; and the decree of the court of probate, ought to be so far disaffirmed.

2. In ascertaining the daughters' shares, is the sum of 1467 dollars, 76 cents, advanced to *Lucy*, to be put into *hotchpot ?* This question must be answered in the affirmative. The testator has used the word *advanced*, a technical term, well known to the common law, and to our statute of distributions. 2 *Black. Com.* 190, 1. 517. *Stat.* 207. When used in relation to the distribution of estates, it always intends, that, what has been given to a child, shall be brought into *hotchpot :* and so, it ought here to be construed. Otherwise, the testator must have intended a great inequality in the portions to his daughters ; an idea, receiving no countenance in the will.

It, however, is strenuously urged, that the words, " *deducting therefrom*," employed in the devise to *Lucy*, show that the testator intended, that the estate left, after the devise to *Mercy* was deducted, should be divided into two parts, and that *Lucy* should take one half, subtracting the 1467 dollars, 76 cents ; and that the other half, with the 1467 dollars, 76 cents, should pass to *Caroline*, under the word *remainder*. It is not to be believed, that the testator so intended. The words " deducting therefrom," may be satisfied by a different construction, consistently with the use of the word *advanced*, in its appropriate signification. The share of *Lucy* is diminished, by bringing the advancement into *hotchpot ;* and in this sense, it is *deducted from*, as expressed in the will.

*Hartford,*
*June, 1828.*

Porter
*v.*
Collins.

I would therefore advise, that the superior court disaffirm the decree conformable to these principles.

Hosmer, Ch. J. and Lanman, J. were of the same opiniou.

Peters, J. concurred in the opinion that the widow could take only one third of the estate left by the testator, without adding to it the sum advanced to *Lucy ;* but he was also of opinion, that the will, by force of the words " remainder of my real and personal estate," gave to *Caroline* the whole amount of the advancement to be deducted from *Lucy's* share. The *will* is to govern, and not the law of *hotchpot.*

Brainard, J. was absent.

Decree of probate to be disaffirmed.