CALHOUN and another *against* TERRY PORTER & Co. (*a*)

The record of a judgment, which is regular in all respects, except that the costs are left blank until they are taxed by the court, and then inserted, is admissible in evidence in an action of debt on that judgment.

A judgment rendered on the report of auditors, is not appealable, and an appeal from such judgment is wholly inoperative. Consequently, the judgment so appealed from, remains in full force.

If the clerk of the court appealed to, enter the appealed cause in his docket, the court, on motion, or otherwise, will order it to be stricken therefrom ; and will also, if requested, remand it to the court from which it was appealed.

THIS was an action of debt on judgment. The defendant pleaded the general issue, with notice of special matter to be given in evidence. The issue being closed to the court, the following facts were found by the judge.

The judgment on which this action of debt was brought, was rendered by the county court of *Litchfield* county, on the third *Tuesday* of *December,* 1849, in an action on book, brought by the present defendants against the plaintiffs, for the sum of 139 dollars, 49 cents, damages, and 34 dollars, 88 cents, costs of suit.

Upon the trial of the cause before the court, the plaintiffs produced in evidence the records of the county court, containing the record of said judgment ; and upon examining the

(*a*) This was the name assumed by a joint stock company.

same, it appeared, that a blank had been left in the record, for the amount of the costs in that action. The clerk of the county court thereupon stated, that, at the time of drawing up the record, the costs had not been taxed, and consequently, the amount could not then be inserted, and a blank was left to be afterwards filled, when the costs should be taxed. That after the appeal referred to in said judgment had been dismissed, by the superior court, the costs had been regularly taxed, by the judge of the county court, and thereupon he proceeded to insert in said record the amount of the costs, so taxed, to complete his record.

*Litchfield*, June, 1852.

Calhoun
*v.*
Terry Porter &
Co.

These statements were not denied, by the defendants ; but they claimed, that the clerk had no right, at that time, to make the insertion, especially after he had given to them a certified copy of the record, as it was before the insertion, as it would, in effect, be an alteration of the record. They thereupon objected to the admission thereof in evidence.

It appeared from such record, that after a judgment had been rendered in said action on book, upon a report of auditors, the plaintiffs moved for an appeal to the superior court, which was allowed, by the county court.

The plaintiffs then read in evidence a copy of the record of the superior court, to which said action was appealed, containing an order of that court, that said action be erased from the docket, upon the ground, that the action was not appealable.

There was no evidence that said cause was, by the superior court, remanded to the county court ; or that either party ever requested that any such order should be made.

The defendants further objected to the admission of the record of the county court in evidence, upon the ground, that said judgment was vacated, by reason of the appeal allowed by the county court, and claimed, that no recovery could be had upon said judgment, inasmuch as the cause had never been, by the superior court, remanded to the county court.

The plaintiffs claimed, that as the appeal was allowed after a judgment rendered upon a report of auditors, the allowance of the appeal was void, and the judgment remained in force, in the same manner as if no appeal had been allowed.

Thereupon, by consent of parties, the case was reserved for the consideration and advice of this court. And the ques-

tions are, whether said record, as perfected by the clerk, is admissible in evidence, in support of the plaintiffs' action; and if so, whether it is sufficient to entitle the plaintiffs to recover in this action.

*Woodruff* and *G. H. Hollister*, for the plaintiffs, contended, 1. That the clerk had a right to complete his record, at any time. Such is the practice. He did so; and there is no variance.

2. That the appeal, in this case, was nugatory and void. A judgment on a report of auditors, is not appealable. *Bowers* v. *Gorham*, 13 *Conn. R.* 528. Here, the proceedings in the county court, up to the time of allowing the appeal, were regular. A valid judgment had been rendered. If nothing more had been done, there could be no defence. Nothing more *was* done, which can be legally recognized. It is said, that the *appeal* annuls the judgment. True, an appeal, *duly taken*, annuls the judgment. But an appeal, in a case not appealable, is a nullity. When the county court allowed it, on motion, it did what it had no power to do. The judgment remains in force, as if no appeal had been allowed. Debt will lie upon it. It never was, because it could not be, appealed from. *Commonwealth* v. *Messenger*, 4 *Mass. R.* 462. *Campbell* v. *Howard*, 5 *Mass. R.* 376. *Latham* v. *Edgerton*, 9 *Cowen*, 227. *Perkins* v. *Perkins*, 7 *Conn. R.* 558. 2 *N. Hamp.* 223.

3. It is said, the statute, *p.* 91. § 156. requires the superior court to *remand* the cause to the county court. This is *directory* to the superior court. But, in the first place, the validity of the judgment does not depend on the future action of the superior court. Secondly, this provision is intended for the benefit of the appellant only. The reason given is, that he may have a new trial, &c. He may *waive* the benefit of the provision. In this case, he did waive it, by not requesting the court to remand it. May he first induce the county court wrongfully to allow an appeal, and in the superior court sit silent, and then complain of the superior court for not doing what it was never requested to do?

*E. Johnson* and *H. B. Graves*, contra, contended, 1. That the clerk of the county court had no authority, after the suit

commenced, and the pleadings of the parties were closed, to come into court, and alter his record of the original action, especially after he had given the defendants a certified copy of the judgment.

The defendants objected to the admission of the record in evidence; and clearly it was inadmissible, in the shape presented at the time our objection was taken; for, by the plaintiffs' declaration they recovered judgment for 34 dollars, 88 cents, costs of suit; and by the record, as offered, no costs were recovered. At any rate, the amendment of the record should be allowed, only on payment of costs.

2. That the county court had no authority to tax the costs, after the action had been erased from the docket of the superior court. The defendants had a right to be heard in the matter of costs.

3. That by our practice, and in conformity with the statutes of this state, the judgment of the county court was suspended, by the appeal; and the county court must remain silent in the cause until restored to its jurisdiction, by its being *remanded* from the superior court. *Stat.* 91. § 156. *Dunton* v. *Mead,* 6 *Conn. R.* 418. *Gleason* v. *Chester,* 1 *Day,* 152. *Lockwood* v. *Knapp,* 4 *Conn. R.* 257. *Scovill* v. *Seelye,* 14 *Conn. R.* 238. *Judson* v. *Blanchard,* 4 *Conn. R.* 557.

4. That it was the imperative duty of the superior court to remand the action to the county court, on the ground that it was not appealable; and then the county court could have granted a new trial, &c.; and because the superior court have not done this, we complain; for we say, that we have a good cause for a new trial.

The statute gives us the privilege, on the remanding of an action from the superior to the county court, of making a motion for a new trial, for any just and reasonable cause; but the superior court, by erasing the cause from the docket, has cut us off from the plain and distinct rights given to us by the statute, and deprived the county court of the power to give us the relief provided for.

5. That the decisions in *Massachusetts* and *New-York* are not in point, unless the plaintiffs show, that in those states they have a statute similar to ours.

However the common law may be, as to the effect of an appeal of a cause not appealable, on the judgment appealed

*Litchfield,*
June, 1852.

Calhoun
*v.*
Terry Porter
& Co.

from, it matters not, inasmuch as our legislature has, by enacting our statute on this subject, superseded the common law. By the case in the 5th of *Mass. R.* it appears, in the reasons assigned by the court, for their decision, that they have no such statute there, directing actions to be remanded, when not appealable. Their law regulating appeals, is entirely different from ours.

6. That the judgment, as it stands, is not good, and could not be pleaded in bar of another action, for the same cause and thing.

7. That the defendants waived nothing in the superior court. In the first place, we could not waive the statute. And secondly, it appears of record, that we resisted the action of the superior court, in erasing the cause from the docket. What more could we have done ? The statute does not make it incumbent on the parties to move the court to remand the action.

ELLSWORTH, J. The two questions reserved for our advice, are, first, whether the record of the county court, as perfected by the clerk, is admissible in evidence ; and secondly, if so, are the facts of the case sufficient to entitle the plaintiffs to recover.

We do not hesitate to answer both questions in the affirmative.

As to the first, it was the duty of the clerk to perfect the record, by inserting the costs, taxed and allowed. Nothing is more common, or unobjectionable. The judgment is considered as rendered during the sitting of the court, and the record speaks from the first day of the term, although the *exact* amount of costs be inserted afterwards.

As to the second point, it is agreed, that the appeal was illegally taken, and must therefore be wholly inoperative. No appeal lies from a judgment on an award of auditors. *Stat.* 108. § 205. *Bowers* v. *Gorham,* 13 *Conn. R.* 528. The judgment of the county court always remained in full force, and execution could have, at any time, been taken out to obtain satisfaction. The entry of the cause in the superior court, upon presenting copies to the clerk, could not confer jurisdiction upon the superior court, to entertain the appeal.

The court had no other course to pursue, upon learning the truth of the matter, whether on motion or otherwise, than to order it stricken from the docket. Had the appellants wanted a further order, that the cause should be reëntered in the county court, they would, of course, on request, had it granted. The statute was made entirely for the benefit of the appealing party ; and if they do not request an order, the other party is not to suffer, by that omission. As the plaintiffs had a good judgment, which is still unsatisfied and remains in force, they are entitled to recover, at the present time. *Commonwealth* v. *Messenger*, 4 *Mass. R.* 462. *Campbell* v. *Howard*, 5 *Mass. R.* 376. *Latham* v. *Edgerton*, 9 *Cowen*, 227. 2 *New-Hamp.* 223. An appeal allowed according to law, and duly taken, undoubtedly annuls the judgment of the court ; but it must be allowed and taken according to law ; for if not, it has no effect whatever, as, in legal estimation, it is as if nothing had been done. And it would be strange, indeed, if the party appealing, where no appeal can be had, should first induce the court to attempt what it cannot do, and then, when the appeal is rejected in the higher court, could sit silently by, and not ask that the cause may be remanded, and then complain that they are dealt by contrary to law !

We therefore advise, that judgment be rendered for the plaintiff.

In this opinion the other judges concurred.

Judgment for the plaintiff.