JOHN CUNNINGHAM *vs.* CEPHAS B. ROGERS AND OTHERS.

The plaintiff recovered judgment against the defendants before a justice of the peace, and the defendants appealed. In the appellate court, on motion of the appellee, the case was stricken from the docket on the ground of an irregularity in the appeal. The plaintiff afterwards brought an action of debt on the judgment rendered by the justice. Held, in this action, that, while an appeal well taken vacates the judgment appealed from, yet that here; by reason of the judgment of the appellate court that the appeal was not legally taken, it was, as between the parties, to be considered as not legally taken, without reference to the actual fact, which was not open as between them to enquiry; and that therefore the original judgment of the justice was in force, and would sustain the action of debt.

DEBT on judgment; brought to the Court of Common Pleas of New Haven County, and tried on the general issue, with notice, closed to the court, before *Pardee, J.* The court found the following facts:

The plaintiff, Cunningham, brought an action of assumpsit against the defendants, partners under the name of C.

Rogers & Brothers, before a justice of the peace of the town of Meriden in New Haven County, where both parties resided, and recovered judgment on the 28th of October, 1870, for $16.11 damages and $9.47 costs. From this judgment the defendants appealed to the city court of the city of Meriden, in which court the plaintiff moved that the case be stricken from the docket, on the ground that there was no certificate either upon the original writ or upon the copy in the appeal that one or both of the parties resided within the limits of the town of Meriden, which certificate was claimed to be necessary to the validity of the appeal. The court sustained the motion and ordered the case stricken from the docket.

The plaintiff afterwards brought the present action of debt on the judgment rendered by the justice, on the 28th of October, 1870, and recovered judgment for $26.78 debt and $23.67 costs. From this judgment the defendants appealed to the Court of Common Pleas of New Haven County, in which court the defendants pleaded the general issue, with notice that they should show that the judgment on which the action was brought was annulled and vacated by the appeal taken in that action.

On the trial it was claimed by the plaintiff that the appeal in the first action was invalid, and of no effect, and that the judgment appealed from remained a valid and binding judgment; but the court overruled this claim, and rendered judgment for the defendants.

The plaintiff brought the record before this court by a motion in error.

*Hicks*, for the plaintiff.

*Lounsbury*, for the defendants.

SEYMOUR, J. The plaintiff brings his action of debt upon a judgment recovered by him before a justice of the peace. The question is whether the judgment sued on be or be not in force.

The defendants appealed from the justice's judgment to

the city court of Meriden. The appeal was allowed by the justice, but the appellate court erased the appeal from its docket, and this judgment of erasure appears to be in full force and unreversed.

The defendants correctly state the general rule of law to be that the allowance of an appeal by a justice of the peace vacates the judgment appealed from, but by the erasure of the case from the docket of the appellate court the appeal, as between these parties, is to be treated as annulled, and the judgment appealed from is left in full force. The allowance of the appeal by the justice court is by the appellate court vacated and set aside, and so long as this action of the appellate court remains unreversed we must treat it as valid.

The defendants say that the grounds upon which the city court proceeded are insufficient, but we cannot collaterally review the proceeding complained of, certainly not as between the parties to the appeal.

We think the plaintiff was entitled to recover in his action of debt on the judgment of the justice. The Court of Common Pleas having otherwise decided, we advise that its judgment be reversed.

In this opinion the other judges concurred.