CHARLES L. NORTON *vs.* WILLIAM PETRIE.

New Haven and Fairfield Cos., June T., 1890. ANDREWS, C. J., CARPENTER, LOOMIS, SEYMOUR and TORRANCE, JS.

In a suit before a justice of the peace both parties appeared and joined in the general issue, but the plaintiff offered no evidence in support of his complaint and the justice rendered a judgment of non-suit. From this judgment the plaintiff appealed. Held that no appeal would lie from such a judgment.

The statute (Gen. Statutes, § 683,) provides that "in all civil actions, except those by summary process, brought before a justice of the peace, an appeal from any judgment rendered therein upon any issue may be had." Held that, although issue was joined in the case, yet as no judgment was rendered on the issue, that fact did not bring it within the statute.

[Argued June 3d—decided July 10th, 1890.]

APPEAL from a judgment of non-suit by a justice of the peace to the District Court of Waterbury in New Haven County. In that court a motion was made to strike the appeal from the docket, which the court (*Bradstreet, J.,*) overruled, and the case was tried to the court on its merits, and judgment rendered for the plaintiff. The defendant appealed to this court. The case is fully stated in the opinion.

*A. D. Penney*, for the appellant.

*R. A. Lowe*, for the appellee.

TORRANCE, J. This is an appeal from the judgment of the District Court of Waterbury. The case came to that court by the plaintiff's appeal from the judgment of a justice of the peace. The record of the justice, omitting the formal introduction, is as follows :—

" This action was duly brought to said court and by legal adjournments comes to this day for trial. The plaintiff appeared and the defendant appeared, and the parties joined in an issue or plea of general issue, as on file, and also in an

issue of special answer, as on file, and no testimony being offered, this court is of opinion and entered judgment of non-suit, and further that the defendant recover his costs taxed at one dollar."

In the District Court, at the proper time, the defendant filed a written motion to strike the case from the docket of that court, on the ground that it appeared from the record that the appeal was taken from a judgment of non-suit, from which judgment no appeal was by law allowed. The court overruled the motion and refused to strike the case from the docket, and it was subsequently tried to the court on its merits and judgment rendered for the plaintiff to recover his debt and costs.

One of the defendant's reasons of appeal from the judgment of the District Court is " that the court erred in not erasing said cause from the docket upon the original motion to erase."

As we think the defendant is right in his claim on this point, and as the decision of this point disposes of the case, we deem it unnecessary to consider the other reasons of appeal.

This aspect of the case presents two questions for decision :—*First.* Was the judgment of the justice a judgment upon any issue in the cause ? *Second.* Will an appeal lie from the judgment rendered ?

Upon an examination of the record we think the first question must be answered in the negative. It is true the record states that the plaintiff appeared and joined issue, but he did nothing more. He manifestly did not appear to prosecute his claim, for he offered no testimony and did nothing whatever in support of it. He simply remained passive and silent, and that too at a time when it was his duty either to prosecute his claim or withdraw it.

The defendant of course, under these circumstances, offered no testimony, and thereupon the court, to quote from the record, " entered judgment of non-suit."

The judgment was not in fact, nor does it purport to be, a decision or determination of any of the issues raised by

the pleadings. As to all those issues it leaves the parties where it found them. It simply put an end to the suit then pending because the plaintiff, by his conduct, refused or neglected to prosecute it further, but it did not bar him from immediately bringing another suit against the defendant upon the same cause of action. It was in fact and in effect, as the justice called it, a judgment of non-suit.

Does an appeal lie from such a judgment, is the next question. The statute provides that "in all civil actions, except those by summary process, brought before a justice of the peace, an appeal from any judgment rendered therein upon any issue may be had and allowed to either party. Gen. Statutes, § 683. This section covers appeals from justice courts to the District Court of Waterbury.

The judgment from which an appeal is allowed must be a judgment upon some issue in the case. In the present case the judgment of the justice, from which the appeal to the District Court was taken, was, as we have seen, not a judgment of that kind, notwithstanding the fact that issues had been joined in the cause. That fact made no difference, so long as the judgment was not upon any of those issues.

The District Court therefore acquired no jurisdiction of the cause by the appeal, and it is not claimed or pretended that it acquired jurisdiction in any other way. It follows that it had no jurisdiction of the cause, and that it erred in not allowing the motion to dismiss. *Denton* v. *Town of Danbury*, 48 Conn., 368.

For this reason the judgment of the District Court is reversed.

In this opinion the other judges concurred.