ISAAC A. ALLEN *vs.* WILLIAM B. WOODRUFF.

Hartford Dist., Oct. T., 1893. ANDREWS, C. J., CARPENTER, TORRANCE, FENN and BALDWIN Js.

The plaintiff brought, before a justice of the peace, an action against the defendant, a citizen of another state transiently here, charging fraud in contracting a debt, and attached his body on the writ, such attachment being allowed by statute in such a case, and the defendant gave special bail. After judgment for the plaintiff the defendant appealed to the Court of Common Pleas, in which court the plaintiff, without discharging the attachment or releasing the bail, filed a second count in contract for the original debt, without charging fraud. The court allowed the amendment and the case went to trial and a verdict was rendered for the plaintiff on the new count only. Held that the court erred in allowing the filing of the new count, as it virtually enabled the plaintiff to hold his attachment of the defendant's body and the special bail, upon a judgment rendered solely upon the contract.

While new trials may be refused where the amount affected is trivial, the case is different where the question is as to the entire right of recovery.

[Argued October 10th—decided October 25th, 1893.]

ACTION for fraud in contracting an alleged debt; brought originally before a justice of the peace. The defendant, a citizen of Massachusetts, residing in Boston, was arrested in Enfield in this state, upon a writ of attachment issued in the action, which was brought on Gen. Statutes § 1347. The

fraud alleged was that the defendant contracted the debt "with intent not to pay the same." Special bail was given and judgment rendered against him, from which he appealed to the Court of Common Pleas. In that court an amendment to the complaint was filed, adding a second count in contract, for the recovery of the original debt, without charging fraud. The defendant objected to the allowance of the amendment, but the objection was overruled, and a verdict was rendered against him on the new count only, from which judgment this appeal was taken.

*C. H. Briscoe* and *J. P. Andrews*, for the appellant.

*T. E. Steele* and *J. Hamlin*, for the appellee.

BALDWIN, J. The plaintiff's original complaint stated a cause of action under the statute for fraud in contracting a debt with intent not to pay it. Under this the defendant, a citizen of another state, while transiently here, was taken into custody on a writ of attachment against his body, and gave special bail. His appeal from the adverse judgment of the justice of the peace vacated that judgment, and the final judgment which he must abide in order to exonerate his bail now became that to be rendered in the appellate court. The appeal transferred the cause to that tribunal, not for the revision of errors, but for a full trial on whatever issues might there be raised. The bond for prosecution of the appeal secured only the costs of suit. *Lobdell* v. *Lake*, 32 Conn., 16. For the ultimate judgment the bail bond still stood as the plaintiff's security, as fully as would have an attachment of property had one been made. Had the appellant not entered the appeal the appellee could have done so, and thus secured a judgment in his favor. Gen. Statutes, § 973.

Under these circumstances, and while the defendant's personal liberty was under the control of his bail, the plaintiff filed an amendment to his complaint by adding a new count in contract for the original debt, without charging any fraud in contracting it. Objection was made to the allowance of

the amendment on two grounds—that it changed the cause of action, and that it was in conflict with the General Statutes, § 393, but the court overruled the objection, and the defendant thereupon filed an answer to the complaint as amended, and went to trial.

Under General Statutes, § 879, as construed by this court in *Bennett* v. *Collins*, 52 Conn., 1, a complaint in a case appealed from a justice of the peace may be amended by introducing any cause of action which might have been thus declared on had the suit been originally brought in the appellate court. That the ground of action thus set up is a different one from that heard before the justice is not, standing alone, important under our present statutes. Gen. Statutes, § 1023. It may however become important under certain circumstances, and the defendant claims that such circumstances existed in this case.

Section 21 of the practice act contains the provision now found in Gen. Statutes, § 893, that " no attachment shall be granted against the body unless each cause of action in the complaint be such that execution may issue against the body of the defendant upon the judgment founded thereon." The general statute of amendments allows the plaintiff to " insert new counts in the complaint or declaration which might have been originally inserted therein." Gen. Statutes, § 1023.

Before the passage of the practice act, counts in tort could never be joined with counts in contract. As to cases pending before a justice of the peace that act made no change in this respect. One of the rules adopted to carry it into effect (Practice Book, page 18, chap. 6, § 1), which has since been incorporated in Gen. Statutes, § 1024, provides that " complaints founded on a tort may be amended so as to set forth instead a cause of action for a breach of contract arising out of the same transaction or subject of action ; " but this refers not to the addition of a new count, but to such an amendment of the statement of the cause of action as will make it a statement of another cause of action ; thus substi-

tuting a new cause for the original one, sounding differently, though founded on the same transaction.

The theory of the practice act is, that claims arising out of the same transaction may be presented most conveniently in a single narrative or complaint, and that separate counts are required only " where separate and distinct causes of action (as distinguished from separate and distinct claims for relief founded on the same cause of action or transaction) are joined." Practice Book, page 12, ch. 2, § 4.

If then the amendment allowed by the Court of Common Pleas was justifiable, it must be by virtue of Gen. Statutes, § 379, for under section 1023 no new count could be added which could not have been inserted in the original complaint while it was pending before the justice.

The practice act, like every other statute, must be construed as a whole. It made some radical changes in our system of legal procedure, and sought to anticipate and provide for such inconveniences as might otherwise result. The new power which it granted to unite claims sounding in tort and claims sounding in contract in the same action, unless some new safeguard were interposed, might, by an abuse of the writ of attachment on mesne process, virtually restore the discarded remedy of imprisonment for debt. By section 893 such a safeguard was effected, and this part of the act, like every other, is to be " favorably and liberally construed." Practice Book, page 21, ch. 9, § 4. Its obvious intent was to prevent the enforcement of contracts under any circumstances by an attachment of the body. In the case now before us the bill of particulars shows that the original claim against the defendant arose in 1851, and was a charge of ten dollars for hire of a man and team. Twenty-five dollars and fifty cents was added for forty-two years' interest. Had the defendant been sued in his own state he could presumably have interposed a plea of the statute of limitations. It was therefore important to obtain jurisdiction over him here, and in such a manner as to compel him to abide the judgment, since the courts of Massachusetts construed the act of Congress as to the faith to be given to

judgments obtained in sister states, as not embracing those rendered by a justice of the peace. *Warren* v. *Flagg*, 2 Pick., 448. The course taken by the plaintiff was adapted to secure this end. He sued on the statute for fraud in contracting a debt of thirty-one dollars, attached the defendant's body, and exacted special bail. Fraud was the gist of this action. *Armstrong* v. *Ayres*, 19 Conn., 540, 546. Where a debt is contracted by fraud this statute virtually preserves the old remedy of imprisonment for debt. *Cowles* v. *Day*, 30 Conn., 406, 412. Judgment was rendered in the plaintiff's favor for thirty-one dollars and costs. After the appeal had been entered, and while the recognizance of bail was in full force, he obtained leave to amend by adding a count in contract, which he could not have originally inserted in his complaint. The judgment now appealed from was recovered on the second count only, and was for thirty-five dollars and fifty cents—the full sum claimed in the bill of particulars—and costs. It was recovered upon a complaint containing a count in tort as well as a count in contract, and under a writ directing an attachment of the body and by virtue of which the body had been attached. No amendment of the writ was sought to strike out this direction. No release of the attachment was made before the amendment was filed, and none afterwards unless it was effected by operation of law. The defendant was a stranger to our laws, and might well suppose that his bail was still held, notwithstanding the change in stating the cause of action.

It is our opinion that an amendment of the complaint at a time when the defendant's bail remained undischarged, was in violation of the spirit of section 893 of the General Statutes, and that the Court of Common Pleas had no power to allow it.

The plaintiff's counsel stated in the argument before us that from the time of filing the second count he considered the attachment as abandoned; but nothing appears upon the record to show any act or declaration on his part from which an abandonment can be inferred except the amendment itself.

As the nature of the writ and the use which had been made of it forbade the addition of any count in contract, we have not found it necessary to consider the questions argued at the bar, whether the second count was upon a claim arising out of the same transaction as that which was the foundation of the first count, or out of a transaction connected with the same subject of action.

The plaintiff contends that if there was error in the allowance of the amendment no new trial should be granted, since the amount in controversy is but ten dollars and interest. It is true that new trials may be refused where the only question is as to the amount of the recovery and the sum in dispute is trivial, but in this case the question is as to the right of recovery. The parties are at issue on a charge of fraud. Upon the trial in the Court of Common Pleas the plaintiff failed to recover a verdict upon that issue, and the defendant has a right to insist on another opportunity to meet and disprove the accusation.

There is error in the judgment of the Court of Common Pleas, and a new trial is ordered.

In this opinion the other judges concurred.