## MORRIS D. FARBER *vs.* ANGELO CONTI.

First Judicial District, Hartford, May Term, 1911.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

Section 10 of an Act passed in 1905 concerning the City Court of Hartford (14 Special Laws, p. 600), provides for an appeal by any party aggrieved "upon giving such bond as said city court may order." *Held* that a bond taken by the clerk of the City Court without any formal order or direction of the court itself, pursuant to the established practice in other courts, was a sufficient compliance with the provision in question.

In a sense all the acts of the clerk in the performance of his duties to the court are treated and spoken of as acts of the court; and it was in this sense that the words above quoted were used by the legislature.

The sole purpose of a bond on appeal is to secure the costs if the appeal is not prosecuted to effect.

This court will take judicial notice of an established custom and practice of lower courts relating to the giving of bonds on appeal.

Argued May 2d—decided June 15th, 1911.

APPEAL from a judgment of the City Court of Hartford, taken by the defendant to the Superior Court in Hartford County and dismissed by that court, *Burpee, J.,* upon a plea in abatement, from which judgment the defendant appealed. *Error and new trial ordered.*

*Joseph P. Tuttle,* for the appellant (defendant).

*John T. Robinson,* with whom was *Morris Older,* for the appellee (plaintiff).

THAYER, J. The charter of the city of Hartford provides that any party aggrieved by a final judgment or decree of the City Court, in any cause in which the matter in demand exceeds $500, "may appeal therefrom to the Superior Court to be held at Hartford, upon giving such bond as said City Court may order." 14 Special Laws, p. 602.

The defendant in this case appealed to the Superior Court from a judgment against him in the City Court of Hartford, and the plaintiff in the Superior Court filed a plea in abatement of the appeal upon the ground that the City Court did not order any bond or fix the amount of the bond to be given upon the appeal, and that no bond ordered by the City Court was given on the appeal. It appears from the finding that after giving notice of appeal in the City Court, the attorney for the defendant asked the clerk of that court the practice in giving bonds on appeal to the Superior Court, and was told that $100 was the usual amount of such bond, and that he (the attorney) could give such bond at any time. The attorney thereupon gave bond by himself recognizing in that amount, and the clerk later furnished him with certified copies of the record which were filed in the Superior Court. This conver-

sation with the clerk and the giving of the bond took place in the latter's private office and not in court. It is found that the City Court did not order any bond upon the appeal; that there was no established custom or practice relating to the giving of bonds upon appeals from that court to the Superior Court; and that the court had made no standing order or rule relating to the amount of the bond to be given on such appeals. As the case was tried upon a denial of the allegations of the plea, the finding is conclusive upon the defendant unless the bond given as described in the finding is to be held to be a bond ordered by the court. If it is, the conclusion of the Superior Court was wrong.

Since the organization of the city of Hartford there has been a City Court, and a right of appeal from its judgments to the Superior Court has always existed. Prior to 1905 nothing was said in the charter concerning the bond to be given. Until 1859 the charter provided that the appeal was to be upon the same terms as appeals from the County Court to the Superior Court. The general statutes provided that on appeals from the County Courts to the Superior Court "satisfactory security" should be given. In a revision of the charter passed in 1859, after the County Courts had been discontinued, the appeal to the Superior Court was still allowed, and nothing was said as to the terms upon which it should be allowed. This continued until the present provision was made in 1905 in an Act concerning the City Court of Hartford. 14 Special Laws, p. 600. By this Act an appeal to the Superior Court is allowed only in cases where the matter in demand exceeds $500, and the former provision relating to appeals, which had allowed an appeal when the matter in demand exceeded $100, is expressly repealed.

The taking of the recognizance and allowing the appeal are clerical, not judicial, acts. *Spencer* v. *Brough-*

*ton,* 77 Conn. 38, 41, 58 Atl. 236.  They may therefore be performed, in the absence of express provision to the contrary, by the clerks of courts.  Such was the existing law when the Act of 1905 was passed.  In appeals to this court the amount of the bond is fixed by the clerk of the court from which the appeal is taken, and the appeal allowed by him.  Such was no doubt the practice in the County Courts, whose procedure was to be followed by the City Court under the early charters. Section 791 of the General Statutes provides that upon appeals to the Supreme Court of Errors additional security may be ordered by the judge who tried the case, or by the court to which the appeal is taken, thus providing a remedy for the appellee if the clerk takes an insufficient bond on appeal.  And by § 716 when any court in which an action is pending shall find that an insufficient bond, or no bond at all, has been taken for prosecution or appeal, it shall order a sufficient bond to be given.  The bond is given only to secure the costs if the appeal is not pursued.  *Allen* v. *Woodruff,* 63 Conn. 369, 370, 28 Atl. 532.  This statute affords ample protection for the appellee, where an appeal has been entered in the appellate court.  The only way that harm could come to him if an insufficient bond were taken would be by the appellant's failure to enter the case in that court.  This provision existed when the 1905 amendment to the city charter above mentioned was passed.  It affords the appellee the right, if it did not exist before, to apply to the court for an order for a different bond if the clerk fixes an insufficient one. While the taking of the recognizance is a clerical act, it becomes a matter of record as a part of the files of the court.  Being taken by a court officer, and being entered among the records of the court, it is spoken of and treated as taken by the court.  Whether there be a formal order of court or not the clerk acts under the

court's orders because his clerical acts are subject to its orders. There need not be a formal order in each case as to the taking of the bond even in criminal cases. A general continuing order is presumed. *Taintor* v. *Taylor*, 36 Conn. 242, 251. Many of the clerical acts of the clerk are done without direct orders of the court. He is a mere arm of the court to perform a portion of the acts necessary to be done by the court, but which are not of a judicial nature. The statutes prescribe many of the duties of the clerks of the different courts. But many of these duties are not so prescribed. In a general way all the clerk's acts in the performance of his duties to the court are treated and spoken of as the acts of the court. We think it was in this sense that the language of the charter in question was used. It cannot have been intended by the legislature that the court must be in actual session to allow an appeal and fix the amount of a bond for costs. Yet this is the effect of the provision if a literal construction is placed upon it. The judge, when the court is not in session, is not the court, and therefore could no more order the bond, or fix the amount of it, or allow the appeal, than the clerk could. We think that it is not to be so taken.

While it is found that there was no established custom or practice relating to the giving of bonds on appeal in the City Court, there is such custom and practice in the other courts, of which we take judicial notice. The charter does not prescribe the duties of the clerk of the City Court otherwise than that they are the same as those of the Superior Court. We think that the charter in the provision referred to intends by "such bond as said City Court may order" such bond as either the judge of the court, or the clerk acting under his orders in pursuance of the established practice, shall order, either when the court is in session or otherwise, and that the fixing and taking of the bond in

question, no application to the judge to order a different one having been made, was a compliance with that provision,, and should have been so held by the trial court.

There is error and a new trial is ordered.

In this opinion the other judges concurred, except WHEELER, J., who dissented.