FRANK E. QUINLAN ET AL. *vs.* THE CITY NATIONAL BANK.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, Js.

Under § 5914 of the General Statutes, the plaintiff in an action of *scire facias* against a garnishee must allege and prove that within sixty days after final judgment was rendered against the principal debtor, demand upon execution was made on the garnishee, excluding from the computation of that time the period, if any, during which the issue or levy of execution was legally prevented

or stayed. The "final judgment" referred to means one upon which an execution could be based.

An appeal from the City Court of Norwalk to the Court of Common Pleas for Fairfield County vacates the judgment of the inferior tribunal and transfers the cause for trial *de novo,* as upon original process, in the higher court, where, if the appeal is effective, the judgment rendered becomes the final judgment in the case, or, if the appeal is dismissed, by erasure from the docket or otherwise, the judgment of the City Court remains in full force and effect, its status being then the same as if no appeal had been taken.

Whether an appeal from the City Court of Norwalk to the Court of Common Pleas operates as a stay of execution, *quære.*

No appeal lies from an order for the issuance of an execution, since it is not a judgment upon some issue in the case.

Argued November 11th—decided December 16th, 1926.

APPEAL by the defendant from a judgment of the City Court of Norwalk in favor of the plaintiffs in an action of *scire facias,* taken to the Court of Common Pleas for Fairfield County where the defendant's demurrers to the complaint and the amended complaint were sustained and judgment rendered (*Huxford, J.*) for the defendant, from which the plaintiffs appealed. *No error.*

The complaint alleged, in substance, that on February 14th, 1924, the City Court of Norwalk rendered judgment for the plaintiffs in an action against one Carlson, in which service had been duly made upon the defendant herein as agent, trustee and debtor of Carlson. On February 18th Carlson filed notice of appeal to the Court of Common Pleas, and on February 21st filed a purported appeal bond, which was rejected by the clerk, and Carlson did nothing further to perfect his appeal. On February 29th, March 13th, and March 19th, the plaintiffs applied for execution, all of which applications were denied.

On March 31st the City Court directed its clerk to send an appeal record in the case to the Court of

Common Pleas, which was done. In the latter court the plaintiffs filed a plea in abatement, a motion to dismiss and erase from the docket, and a plea to the jurisdiction, and Carlson also filed a motion to erase. The Court of Common Pleas, after hearing on the several motions, on April 25th ordered the case erased from the docket.

On April 30th the plaintiffs filed in the City Court another motion for execution, and execution was issued May 27th. Carlson, on May 29th, filed notice of appeal to the Court of Common Pleas from the action of the court in issuing such execution, but did nothing further. On or about June 5th the execution was placed in the hands of a constable who, on July 7th, made demand on the garnishee, the defendant herein, but payment was refused.

The defendant eventually demurred to the complaint, and the demurrer was sustained on the ground that it appeared that the plaintiffs had failed to take out execution and have demand made upon the defendant within sixty days after final judgment. The plaintiffs then amended their complaint by adding an allegation, in substance, that during the period between February 14th and May 27th they were prevented from taking out execution and making demand by the acts and conduct of Carlson, and of the City Court and its clerk, as alleged in the original complaint, and by the pendency of the purported appeal in the Court of Common Pleas. Demurrer to this amended complaint was sustained on the same ground. The sustaining of these demurrers is the basis of this appeal.

*William A. Griffin,* for the appellant (plaintiffs).

*Cramer C. Hegeman,* for the appellee (defendant).

HINMAN, J.  All right to recover, on *scire facias*, from a garnishee is lost unless demand is made on such garnishee, upon execution, within sixty days after final judgment is rendered against the principal; but in reckoning that period "any time during which the issue or levy of an execution may be prevented or stayed by the pendency of a writ of error, or by an injunction or other legal stay of execution, shall be excluded from the computation."  General Statutes, § 5914; *Hayes* v. *Weisman*, 97 Conn. 387, 398, 116 Atl. 878.  In order to be sufficient to maintain the action, the complaint must allege facts which, if proven, would establish that such demand was made within sixty days after final judgment excluding, in the computation of the time elapsed between judgment and demand, the period, if any, during which issue or levy of execution was legally prevented or stayed.

The first question presented is as to what is meant by the "final judgment" from which computation is to be made.  The judgment to which the statute refers must be such as would support an execution based thereon.  *Mallory* v. *Hartman*, 86 Conn. 615, 618, 86 Atl. 567; *Cutler* v. *Wadsworth*, 7 Conn. 5.  Appeals from the City Court of Norwalk are subject to the statutory provisions for appeals from judgments of justices of the peace.  Special Laws (1915) Vol. 17, p. 161; Public Acts of 1921, Chap. 164.  The effect of such an appeal to the Court of Common Pleas is to carry up the whole matter in controversy so that it is retried, as upon original process, in the appellate court, which has jurisdiction to determine the case by its own judgment and enforce the same by a process of its own.  Such an appeal vacates the judgment of the inferior tribunal.  *Matz* v. *Arick*, 76 Conn. 388, 393, 56 Atl. 630; *Allen* v. *Woodruff*, 63 Conn. 369, 28 Atl. 532; *Bank of North America* v. *Wheeler*, 28 Conn.

433, 439; *Lancaster's Appeal,* 47 Conn. 248, 259; *Curtiss* v. *Beardsley,* 15 Conn. 518. If the appeal is effective the judgment rendered in the appellate court is the final judgment. *Allen* v. *Woodruff, supra.* If, instead, the appeal is dismissed, by erasure of the case from the docket or otherwise, the appeal is, thereupon, to be treated as annulled and the judgment of the inferior court is left in full force and effect, its status being then the same 'as if no appeal had been taken. *Cunningham* v. *Rogers,* 39 Conn. 482, 484.

However, to regard the date of final judgment as being April 25th, when the appeal was dismissed and the judgment of the City Court was reinstated, instead of February 14th, on which day it was originally rendered, would not avail the plaintiffs, since, while execution was issued within sixty days thereafter, demand is not alleged to have been made until July 7th, which date is considerably beyond the expiration of the statutory period, so computed.

The plaintiffs further claim, however, that the pendency of an appeal, of itself and without an injunction or other formal action, works such a "legal stay of execution" that the time covered thereby is, under § 5914 of the General Statutes, to be excluded in reckoning the sixty-day period, and that the computation should not only not commence before April 25th, but not until May 27th, upon which day execution was finally issued, or the still later date up to which, it is argued, Carlson might have perfected an appeal from the "decision" of the City Court in issuing the execution. We have no present occasion to decide whether stay of execution may be incident to an appeal from a judgment of the City Court, since the pendency of the appeal in the present case extended only until April 25th, and so could not avail the plaintiffs. A contention that any such stay could, in any event, continue,

further, to or after the issuance of execution, is obviously fallacious.

It is a judgment upon some issue in the case which, only, is appealable. *Norton* v. *Petrie,* 59 Conn. 200, 20 Atl. 199. The right of appeal does not extend to an order for the issuance of an execution. Therefore the notice of appeal therefrom which was filed by Carlson May 29th being illegal, was without any effect. *Calhoun* v. *Terry Porter & Co.,* 21 Conn. 526, 530. As it did not prevent resort to the security obtained by the attachment, it could not operate as a stay.

The last date upon which, by any legal possibility, the prescribed period for taking out execution and making demand could commence was April 25th, and such period ended not later than June 24th. Demand is not alleged to have been made until July 7th. The demurrers were properly sustained.

There is no error.

In this opinion the other judges concurred, except WHEELER, C. J., and HAINES, J., who dissented.