STATE OF CONNECTICUT *v.* LAWSON W. ROWE

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. MV 4-0856

Argued December 15, 1961—decided March 21, 1962

*Howard Steeg,* of Bristol, for the appellant (defendant).

*Francis M. McDonald,* assistant prosecuting attorney, with whom was *T. Gordon Hutchinson,* prosecuting attorney, for the appellee (state).

WRIGHT, J.   The defendant was charged with making unnecessary noise in violation of § 14-80 of the General Statutes.   The alleged offense took place on May 15, 1961.   On May 31, 1961, the defendant paid the sum of $15 to a clerk of the violations bureau of the Circuit Court in the fourth circuit in Waterbury.   Later, on June 22, 1961, after the clerk's office had ascertained that the defendant had a substantial motor vehicle record, including offenses during the preceding twelve months, he was summoned into court, at which time he pleaded not guilty.   On June 30, 1961, the court heard arguments on a demurrer filed by the defendant, at which time the demurrer was overruled.   On July 7, 1961, the case was tried before the court, at which time the defendant was found guilty and was fined $25.

The defendant claims that the payment to the violations bureau on May 31, 1961, and the acceptance of the fine by the violations bureau clerk constituted a final judgment.

Examination of the original summons (uniform traffic ticket) issued to the defendant by the police officer shows that on the bottom of the first page the box, "Court Appearance Required," was checked. On the back of the traffic ticket, the blank space for a possible fine under the violations bureau was not filled in, and there was a printed notation to the

following effect: "You are also required to appear in Court if: ... (c) you have been convicted of another traffic offense within the past 12 months." See Cir. Ct. Rule 3.22.1. The following words appear on the back of the traffic ticket: "If you are not required to appear in Court, and you wish to plead guilty, you may waive your right to a hearing by the Court, and may request the Violations Bureau, at the address below, to dispose of your case." When the defendant paid the fine of $15 to the violations bureau on May 31, 1961, he did not sign the "Appearance, Plea and Waiver."

Circuit Court Rule 3.19.3 provides as follows: "Subject to the limitations in Rule 3.20.1, each ... [traffic violations] bureau shall have the power to accept a written appearance, waiver of trial, plea of guilty and payment of penalty in traffic offense cases where a uniform traffic ticket has been issued. The penalty referred to in Rules 3.19 and 3.21 shall be deemed a fine for all purposes." The limitations in Rule 3.20.1 refer to offenses which are considered to be too serious for handling by the violations bureau. The rules for the Circuit Court were adopted by the Supreme Court of Errors on October 19, 1960.

At the trial of this case, the defendant admitted that he had read the instructions on the ticket. The ticket was clearly marked that a court appearance was required. His record for motor vehicle offenses shows that he has had much experience with the courts. It therefore appears that the defendant perpetrated a palpable misrepresentation upon the violations bureau which vitiates the acceptance of the fine by the clerk.

Under Rule 3.19.3, the violations bureau has the power "to accept a written appearance, waiver of trial, plea of guilty and payment of penalty." The

language of this section makes it clear that all these requirements must be met in order for the matter to come within the violations bureau procedure. If there is any doubt, Rule 3.21.1 states that the accused may pay the penalty "upon signing the appearance, plea of guilty and waiver of trial." This the defendant did not do. Therefore, because of these rules, the clerk had no authority to accept the payment without the written appearance, waiver and plea; and the action of the clerk in accepting the payment was an error and a nullity as far as subsequent proceedings were concerned. The clerks of the court are merely recording officers; and if they make a mistake, the court may amend it. Their function is merely ministerial. *Hillhouse* v. *Dunning,* 7 Conn. 139, 141. Clerks act under the court's orders or rules because their clerical acts are subject to the court's orders or rules. See *Farber* v. *Conti,* 84 Conn. 458, 461.

In the instant case, this court had no jurisdiction over the defendant's person prior to June 22, 1961, because the defendant did not sign the plea of guilty, and neither appeared physically before the court nor signed the written appearance. Therefore, since the court lacked both a physical and a written appearance by the defendant and there had been no plea by him to the charge on the complaint, the court could not enter a judgment prior to June 22, 1961. A fortiori, since there could be no judgment, there could be no fine.

There is no error.

In this opinion AARONSON and REINHARD, Js., concurred.