ANTHONY TANESZIO *v.* SALVATORE R. PALMIERI ET AL.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 6-636-10905

Argued April 5—decided April 23, 1965

*Irving H. Perlmutter,* of New Haven, for the appellant (plaintiff).

*Joseph B. Clark,* of New Haven, for the appellee (defendant).

DEARINGTON, J. On June 22, 1964, the plaintiff was awarded a judgment for damages of $500 upon a complaint containing two counts: (1) money due on a promissory note, and (2) conversion of a motor vehicle upon which the plaintiff held a mortgage to secure payment of the note.

On December 1, 1964, the plaintiff applied to the court for issuance of a body execution, which was denied. Parenthetically, it should be added that the judge hearing the application was not the judge who awarded the judgment. From the denial of the application for issuance of a body execution the plaintiff has appealed. The defendant Rhea Palmieri has moved to dismiss the appeal on the ground that this court has no jurisdiction to review the trial court's denial of the application, for the reason that such an action is not a final judgment.

At the outset we feel constrained to comment briefly on the procedure followed by the plaintiff. The plaintiff applied to the court for issuance of a body execution. The issuance of an execution is ordinarily a ministerial act, and under our procedure such issuance is the duty of the clerk. General Statutes § 51-52; Practice Book §§ 314, 800; see *State ex rel. Sacks* v. *Flanagan,* 2 Conn. Sup. 50, 51. The record is bare of any indication that the plaintiff applied to the clerk for the execution and that the application was denied. The defendant, however, raised no question as to any procedural irregularity, and the trial court undoubtedly assumed that the defect was waived. 33 C.J.S., Executions, § 84.

The issue presented is a narrow one. We are called upon to determine whether this court has jurisdiction to review the denial of an application

for a body execution; we are not here concerned with the merits of the matter being litigated. The statute governing appeals to our appellate session is § 51-265 of the General Statutes, which provides in part as follows: "Appeals from any final judgment or action of the circuit court . . . shall be taken to an appellate session of such court . . . and shall be by way of review of errors of law." Thus there are two conditions precedent to the right of appeal to the appellate session, to wit, first a final judgment or action, and second, a question or questions of law arising from such final judgment or action. It is significant that this statute, unlike § 52-263, governing appeals to the Supreme Court of Errors, contains the phrase "final judgment or action." An "action" as used in this statute has been construed to mean a final "action." *State* v. *Wilson*, 22 Conn. Sup. 345, 346, 1 Conn. Cir. Ct. 19, 20.

It is apparent from the court's memorandum of decision that its denial was based largely on its inability to determine from the original judgment upon which of the two counts that judgment was rendered. It is not our function to pass upon the merits of the matter but only to determine whether the denial of the application may be reviewed by an appellate session for reason of a claimed error of law. We conclude that the action denying the application was a final action involving a substantial right and that under the operative statute, § 51-265, and in the light of the subject and the redress sought, the trial court's action in denying the application is appealable. 4 Am. Jur. 2d, Appeal and Error, § 132.

In *Quinlan* v. *City National Bank*, 105 Conn. 424, 429, relied on by the defendant, the court held: "The right of appeal does not extend to an order for the issuance of an execution." The rationale of the court was that only a judgment upon some issue in

the case is appealable. The statute at that time (1926) governing appeals, § 5820 of the 1918 Revision, limited appeals to the Supreme Court of Errors to "any question or questions of law arising in the trial" and provided for an appeal "from the judgment of the court in such cause or action." In *Northeastern Gas Transmission Co.* v. *Benedict,* 139 Conn. 36, 41, however, the court said, in referring to the statement in the *Quinlan* case, supra: "Whether that statement was correct, however, had been brought into question by later cases holding that any order either before or after judgment which finally concluded the rights of the parties *is* appealable." Under § 51-265, we have previously determined that an appeal will lie not only from a final judgment but from a final action, and the rule laid down in the *Quinlan* case would in no event apply here.

The motion to dismiss is denied.

In this opinion JACOBS and LEVINE, Js., concurred.