[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE FIFTH COUNT
Plaintiff, Michael R. Pinkin, alleges, inter alia, in his five count complaint that defendant Brad Pelligrini assaulted him while he was patronizing defendant Hungry Tiger Cafe 
Restaurant, Inc. [Hungry Tiger]. Donald F. Denley, the permittee of defendant Hungry Tiger, is also a named defendant in the present action. Defendants Hungry Tiger and Denley have moved to strike the fifth count of the substituted complaint dated June 23, 1994 in which the plaintiff asserts that his injuries were proximately caused by their recklessness.
Some procedural background is germane to deciding this motion. On June 25, 1993, the plaintiff had filed a revised amended complaint. In the first and second counts of this complaint, the plaintiff had asserted a cause of action under the Dram Shop Act, General Statutes § 30-102. In the third count, the plaintiff alleged that defendant Pelligrini assaulted him. In the fourth count, the plaintiff alleged that his injuries were caused by the negligence and carelessness of the Hungry Tiger and Denley, in that they:
 a. [F]ailed to prevent the assailant from assaulting the Plaintiff, although they had ample reason and time in which to become aware of the potential for harm to the Plaintiff on the part of the assailant; CT Page 11112-N
 b. [F]ailed to warn the assailant that his actions would not be tolerated prior to the time of the assault; and
 c. [F]ailed to have the assailant removed from the premises prior to the assault upon the Plaintiff, although they had ample time in which to become aware of the potential for harm to the Plaintiff on the part of the assailant.
In the fifth count of the revised amended complaint, the plaintiff alleged that his injuries were caused by the recklessness of the Hungry Tiger and Denley in that they:
 a. [F]ailed to prevent the assailant from assaulting the Plaintiff, although they had ample reason and time in which to become aware of the potential for harm to [t]he Plaintiff on the part of the assailant;
 b. [F]ailed to warn the assailant that his actions would not be tolerated prior to the time of the assault; and
 c. [F]ailed to have the assailant removed from the premises prior to the assault upon the Plaintiff, although they had ample reason and time in which to become aware of the potential for harm to the Plaintiff on the part of the assailant.
On April 13, 1994, the court, Hale J., citing Dubay v.Irish, 207 Conn. 518, 532-535, 542 A.2d 711 (1988), granted defendants' Hungry Tiger and Denley's motion to strike the fifth count of the revised amended complaint. In response, on June 24, 1994, the plaintiff filed the substituted complaint with an amended fifth count (the amended language of which has been underlined below) alleging that his injuries were caused by the recklessness of the Hungry Tiger and Denley in that they:
 a. [F]ailed to prevent the assailant from assaulting the Plaintiff, although they knewCT Page 11112-O that said assailant was intoxicated, violent and antagonistic and had ample time to intervene and prevent harm to the Plaintiff from occurring on their premises herein;
 b. [F]ailed to warn the assailant that his actions would not be tolerated even though said assailant had been loud, boisterous and antagonistic towards the Plaintiff for some time prior to the assault; and
 c. [F]ailed to have the assailant removed from the premises prior to the assault upon the Plaintiff, although said Defendant had been causing a problem in the establishment prior to the actual assault and was loud, boisterous and antagonistic towards the Plaintiff and others and said Defendants had ample notice of the assailant's intoxicated state and potential harm to the Plaintiff.
In support of the present motion, Hungry Tiger and Denley argue that the fifth count is legally insufficient in that the allegations contained therein fail to support a cause of action for recklessness, and are merely repetitious of the allegations of negligence contained in the fourth count.
Plaintiff argues that his new specific allegations describing the reckless conduct of defendants Hungry Tiger and Denley make the fifth count of the substitute complaint legally sufficient.
In Kostiuk v. Queally, 159 Conn. 91, 267 A.2d 452 (1979), our Supreme Court stated that "`[t]here is a wide difference between negligence and a reckless disregard of the rights or safety of others . . . .'" Id., 94, quoting Brock v. Waldron,127 Conn. 79, 81, 14 A.2d 713 (1940). "Simply using the word `reckless' or `recklessness' is not enough. A specific allegation setting out the conduct that is claimed to be reckless . . . must be made." Dumond v. Denehy, 145 Conn. 88,91, 139 A.2d 58 (1958). Our Supreme Court has defined recklessness as "`more than negligence, more than gross negligence.'" Dubay v. Irish, supra, 207 Conn. 532, quoting Bordonaro v. Senk, 109 Conn. 428, 431 A.2d 147 (1988). While the state of mind amounting to recklessness may be inferred CT Page 11112-P from conduct, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Dubay v. Irish, supra, 532.
In Dubay v. Irish, the court also stated that:
 "willful," "wanton," or "reckless" tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, a situation where a high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than . . . mere thoughtlessness or inadvertence, or simply inattention . . . ."
Id., quoting W. Prosser W. Keeton, Torts (5th Ed.) § 34, p. 214.
In addition, "[t]he mere use of the words `reckless' and `wanton' [is] insufficient to raise an actionable claim of reckless and wanton misconduct." Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 46, 492 A.2d 219 (1985). "A claim for wanton and reckless conduct, which is unsupported by sufficient alleged facts to support it, is a mere conclusion of law and is subject to a motion to strike." Muckle v.Francis, 7 Conn. 1. Rptr. 230, 231 (September 14, 1992, Leuba, J.).
Recently, this court has discussed the definition of recklessness in the context of a motion to strike. In Bonettiv. Continental Corp., Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 70 36 07 (May 12, 1994, Wagner, J.), this court stated that:
 "`[t]here is a wide difference between negligence and reckless and wanton misconduct. Recklessness is a state of consciousness with reference to consequences of one's acts. It requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater than that which is CT Page 11112-Q necessary to make his conduct negligent. It is more than negligence, more than gross negligence.'"
The allegations contained in the fifth count of the substitute complaint are still not sufficient to support a cause of action for recklessness. Plaintiff's claims that the Hungry Tiger and Denley failed to prevent the alleged assault "although they knew that [Pelligrini] was intoxicated, violent and antagonistic and had ample time to intervene and prevent harm to the Plaintiff," failed to warn [Pelligrini], despite the fact that Pelligrini "had been loud, boisterous and antagonistic towards the Plaintiff," and failed to remove Pelligrini from the premises, although the Hungry Tiger and Denley "had ample notice of [Pelligrini's] intoxicated state and potential harm to the Plaintiff," do not give rise to a claim for recklessness. Construing the facts alleged in the light most favorable to the plaintiff; Rowe v. Godou,209 Conn. 273, 278, (1988), the alleged actions, or inactions, of defendant Hungry Tiger and Denley were more akin to inadvertence or inattention than that of conduct that was highly unreasonable, intentional, or involving an extreme departure from ordinary care. See Dubay v. Irish, supra,207 Conn. 532-33.
Accordingly, Defendants' motion to strike the fifth count of the substitute complaint is granted.
Wagner, J.